By the Court, Cowen, J.
By the terms of the agreement in question, Conkling loaned to Bailey, for one year, the sum of $1000, demising to him a store, and stipulating that his son should faithfully attend it as a clerk for the same term without specific compensation ; in consideration whereof Bailey agreed to invest a capital of at least $3000 in the business of store keeping, manage it during the same term, and at its expiration render an account of the business, and if required, pay over to Conkling the $1000, *527 siiirender possession of the store, and pay Conkling one equal third part of all profits made by the business of the store,, and the business necessarily and properly connected with it. This agreement was acted upon; and I am of opinion, constituted a partnership. The agreement winds up with the essential criterion of a partnership, an indefinite share by "moieties in the profits. It is scarcely possible that an agreement can be so framed, and not enure as a contract of partnership, especially with regard to third persons. (Collyer on Partnership, 43, a, and 44, Am. ed. of 1839. Grace v. Smith, 2 W. Bl. 998. Waugh v. Carver, 2 H. Bl. 235, 246, 7. Champion v. Bostwick, 18 Wendell, 175. Dob v. Halsey, 16 John. 34.)
New trial denied.