Sandford, J.
The defendants, Tiffany and Beach & Lock-hart, attempt to separate themselves from .Ellis, and boldly assuming that they are trespassers, insist .that there is no privity *374 of- contract or estate between them and the plaintiff. It is an-ingenious attempt to obtain a rent from, the premises by using tbem for a purpose prohibited in the lease, but it cannot prevail. The facts prove too plainly to admit of a' doubt, that Tiffany, and Beach. & Lockhart through him, entéred into the possession of these premises by the consent or permission of Ellis. All the circumstances point irresistibly to that conclusion. The consequence is, that Beach & Lockhart must be considered, in respect of the plaintiff’s rights, as substituted in the place of Ellis, the plaintiff’s lessee. (Benson v. Bolles, 8 Wend. 175.)
Treating them as standing in the place of Ellis, the plaintiff is entitled to an injunction to restrain the use of the premises in violation of the restriction in the lease. This was decided in a like case in Steward v. Winters, (1 Sand. Ch. R. 587,) and it is unnecessary for me to repeat the grounds upon which the court thus interferes. The code of procedure does not alter the rule of equity respecting the allowance of injunctions.
• As to the parol license from the plaintiff, set up in the defendant’s affidavits, it suffices to say, for the purposes of this motion, that it is fully denied.
Motion to dissolve the injunction denied.