OTIS ADAMS *versus* JOHN GODDARD.

Buildings, erected by the lessee upon leased land, with the permission of the lessor, are personal property.

A lease, conditioned to become void if the lessee "fails to pay all extra insurance," will not be held to be forfeited upon proof of his failure to pay extra insurance, unless it also appears that there was money due for extra insurance.

A "permit," authorizing a lessee to erect a building upon the land leased, and allowing him "to take away, or sell upon the ground, said building so erected, at his own expense, at the determination of said lease," limits the right to *take away* the building, but not the right to *sell* it.

After such building becomes the property of a third person, the cancelling of the lease by the parties thereto, or their assigns, cannot affect his rights; but he may take it away at the end of the term, for which the lease was originally given.

If such owner, at the time when his right to take such building away accrues, uses all reasonable means to do so, but it is withheld from him by the owner of the land on which it stands, under a claim to hold it absolutely as his own, the latter is liable in an action of trover for a conversion of the building.

ON REPORT by DAVIS, J.

TROVER for the conversion of a building. The facts proved by the evidence are stated in the opinion.

*Fessenden & Butler,* for plaintiff.

*Shepley & Dana,* for defendant.

The opinion of the Court was drawn up by

GOODENOW, J.—This is an action of trover to recover the value of certain buildings described in the writ, dated, September 15, 1857.

By agreement of the parties the report of the case, *Edwin Parker* v. *John Goddard*, 39 Maine, 144, makes a part of this case; subject to all objections and exceptions therein contained, &c.

The plaintiff offered in evidence and read a bill of sale from Edwin Parker to him, dated July 13, 1854. This bill of sale purports to convey to the plaintiff all said Parker's right, title and interest in and to the addition to the house known as Cape Cottage, erected by Alexander Foss & Co., and standing between the L part and the main body of said house, and on land leased by Alexander Foss of John Neal, Esq., and also the sheds erected by said Foss & Co., on said leased land, being the same property conveyed to said Parker by Tinkham, Adams & Niles, by bill of sale, dated Sept. 20th, 1853.

These buildings were erected by the lessee, by the written permission of the lessor, and subject to the conditions and limitations therein specified, and thereby became personal property.

The lease was dated Nov. 30, 1850, and was for the term of six years from April 1, 1851. The written "permit," was dated Sept. 22, 1852, by which "permission" is hereby given to Alexander Foss, tenant of Cape Cottage, in Cape Elizabeth, to make certain changes, at his own charge, in a part of the premises in the manner and upon the conditions hereinafter mentioned.

"1st. Said Foss to pay all extra insurance upon the premises, for enlargement of builder's risk, immediately and year

by year, during his term, said insurance being six thousand dollars at this time.

"2d. Said Foss to restore and replace every thing removed or changed, to its present condition, with new papering, painting and plastering, so that the dining-room, kitchen, sleeping rooms and servants' quarters, shall be in every particular as good as they now are; and so that all the conveniences thereto appertaining, with cistern, fences, sheds, &c., &c., shall be as they now are, at the determination of his present lease, and wholly at the charge of said Foss, and without delay.

"Upon a strict compliance with said conditions, the said Foss, to be allowed to remove and set back the present addition to the main building, and to put in its place an addition of about eighty by thirty feet, to be finished for drawing-rooms, parlors and sleeping-rooms, at his own charge; and to take away, or sell upon the ground, said building so erected, at his own expense, at the determination of said lease, after said restoration has been made, but not before." This is all that part of the permit given by John Neal to Foss, that becomes material in deciding this case.

The plaintiff, through Parker, has all the rights of Alexander Foss, and the defendant has all the rights of John Neal. Each must take and hold *cum onere.* The dates may be deemed material.

On Nov. 18, 1852, the lease and permit were assigned by the lessee to Foss & Co. On May 18, 1853, Foss & Co. gave a bill of sale of the addition to the house to Tinkham and others, and on Oct. 20, 1853, Tinkham and others gave a bill of sale of the same property to Parker.

Neal conveyed to Goddard, the defendant, Aug. 25, 1853, subject to the right of the occupants at that time, to remove one building on a strict compliance with the conditions to be found in his permit, &c.

On the 25th of Oct., 1853, Foss and Foss & Co., gave up all their interest in or about the premises to the defendant, who was the owner thereof at that time.

They could not sell, or give up, or surrender, to the defendant any thing more than belonged to them at that time. They could terminate the lease if they chose to do so, but could not thereby destroy the rights of third persons.

The conveyance of the addition by Foss & Co., to Tinkham and others, was more than five months before this surrender of the lease, and more than three months before Goddard had any interest in the premises.

When Neal conveyed to Goddard, August 25, 1853, there was no intimation in the deed, that he claimed the addition as real estate, or that it had been forfeited; but, on the contrary, he conveys expressly subject to the rights of the occupants at that time to remove it. At that time there were three parties. — The lessor and the lessee, and the owner of the buildings, built on the land of another, with his consent, which were personal property.

Has this property been forfeited to the defendant by neglect to pay all extra insurance upon the premises for enlargement of builder's risk, immediately and year by year, during his term? Alexander Foss testified, that "said Foss & Co. paid all extra insurance, according to the permit, up to April 27, 1853, after which there was none to be paid, there being no extra risk after that time.

If there had been any thing due the defendant for extra insurance, the plaintiff would not have been authorized to remove the addition from his land, before he had paid or offered to pay the amount. But we are not satisfied, from the testimony, that there was any thing due on that account. The defendant did not claim to keep possession of the building for the purpose of securing such payment, but he claimed it as his own absolutely. If he had had a just claim of this description, he should have stated it, and the amount of it, to the plaintiff, when he went on to the premises for the purpose of removing the building, and restoring the old buildings to their former places.

Was this addition forfeited because it was not sooner removed?

This permit must have a reasonable construction. This structure, comprising the addition, was to be large and expensive, costing several thousand dollars. It is obvious that it would be of much more value where it was placed, and used for the purposes for which it was erected, than for other purposes and in another place. The builder might well expect to receive some adequate indemnity for his outlay, if he could have it remain on the premises, four or five years.

By the terms of the permit, he was allowed "to take away, or sell upon the ground, said building, so erected, at his own expense, at the determination of said lease." This was not intended to limit the right to *sell*, but the right to *take away* the building. Goddard might well have claimed that it should remain on his land, notwithstanding the surrender of the lease, till the six years should have expired. The use of it might have been of much more value to him than simply the ground rent. We cannot come to the conclusion that this property has been forfeited to the landlord, upon either of the grounds taken by him.

Has there, then, been a conversion of it by the defendant to his own use, within the meaning of the law? The plaintiff has done all he could reasonably be required to do, to get possession of his property peaceably. It has been withheld from him by the defendant, under a claim to hold it absolutely as his own, and, as we think, without right.

Whatever doubts might have existed in the former case of *Parker* v. *Goddard*, 39 Maine, 144, as to the evidence proving a conversion, we think there can be no doubt, that the fact is fully proved by the testimony in this case.

According to the agreement of the parties, a default must be entered and judgment rendered for the plaintiff, for such damages as shall be awarded on a hearing before any one member of the Court, and for costs.

TENNEY, C. J., RICE, APPLETON, DAVIS and KENT, JJ., concurred.