(24 Misc. Rep. 692.)

WEISS v. MENDELSON.

(Supreme Court, Appellate Term. October 5, 1898.)

1. LANDLORD AND TENANT—SURRENDER OF LEASE—SUBLESSEE.

    A sublessee is not affected by the acts of the lessor and lessee in surrendering and canceling the original lease, except that the original lessor thereby becomes his lessor.

2. SAME—BURDEN OF PROOF.

    A lessee who seeks to recover rent paid by him, on the ground that defendant was not authorized to collect it, assumes the burden of proving such want of authority.

Appeal from Fourth district court.

Action by Aaron Weiss against Aaron Mendelson to recover rent paid to defendant. From a judgment of the municipal court of the city of New York, borough of Manhattan, Fourth district, for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

A. B. Schleimer, for appellant.

E. A. Isaacs, for respondent.

BEEKMAN, P. J. These facts are established by documentary evidence, which is not in dispute. One Fannie Oshinsky, being the

owner of the premises No. 75 Eldridge street, leased the same to Max Brown for a term of years expiring May 1, 1901. The lease was recorded in the register's office on May 29, 1896. On July 29, 1897, Brown in turn leased the top floor of the demised premises to Betsey Zeitling for a term of years expiring on July 29, 1900, which lease was modified by an agreement between them, dated August 5, 1897, in particulars not necessary to consider here, beyond saying that the duration of the term was not affected. The lease so made and the modifying agreement were both duly recorded, the former on August 2, 1897, and the latter on February 25, 1898. Another paper was put in evidence purporting to be a lease from Mrs. Oshinsky to Max Brown, bearing date October 8, 1897, under which she demised to him the ground floor of the premises 75 Eldridge street for a term ending May 1, 1899. This instrument was not recorded. On March 2, 1898, the entire premises were conveyed by Mrs. Oshinsky to one Fox, subject to "recorded lease to Max Brown." So far it is plain that the sublease made by Brown to Zeitling still continued and was in existence at the time Fox acquired title to the property. No explanation is given why the lease of October 8, 1897, was made to Brown of a portion of the premises, when at the time he apparently had the whole. But, assuming that it was predicated upon a surrender of the first lease, such a surrender could not prejudice his subtenant or in any way affect her rights. Her sublease would continue for the rest of the term, with like effect as if the original lease to her immediate landlord had not been surrendered. Eten v. Luyster, 60 N. Y. 252, 259. There is absolutely no evidence tending to show that Mrs. Zeitling ever assented to any such surrender, and when the property was conveyed to Fox he took it with full notice of her rights, and subject to her lease, unaffected by any act on Brown's part. It appears that on the 16th day of March, 1898, Mrs. Zeitling duly assigned her lease to the defendant Aaron Mendelson by an instrument under seal which is in evidence. The plaintiff was a monthly tenant, occupying one of the rooms on the top floor covered by the Zeitling lease. He paid to Mendelson rent for the month of March, which matured on the 1st of that month, and also rent on account of the month of April, and now sues to recover it back, alleging a conversion of the money after demand. It is difficult to perceive on what theory an action for conversion will lie; but without stopping to discuss the propriety of his action on such a ground, and considering the evidence without regard to the form of pleading, it is sufficient to say that, upon the proofs he has submitted, no ground for a recovery against the defendant is apparent on any theory. The defendant was undoubtedly the immediate landlord of the plaintiff after the assignment, and the latter was bound to pay the rent accruing after March 16th to him. With respect to the rent which accrued before that time, it belonged to defendant's assignor, Mrs. Zeitling, and defendant's testimony in that regard was that he collected it for her as her agent and had paid it over to her.

It was certainly for the plaintiff to establish by a preponderance of proof that the defendant was not authorized to collect the rent in question. He was seeking to recover it back on the ground that the de-

fendant was not originally entitled to receive it. That was the issue which he tendered, and the burden was upon him to establish what he had alleged. This he utterly failed to do. His theory seemed to be that he was Fox's tenant, and therefore liable for the rent only to him. Fox seemed to have the same idea, and testified that the plaintiff had paid rent to him for the same months. All this, however, was a pure matter of assertion. No facts were given showing how the relation of landlord and tenant arose between them, and we are compelled to assume that it was a matter of deduction from an erroneous conception of the legal effect of the transactions evidenced by the documentary evidence above recited. Furthermore, the claim seems to be also answered by the receipt which was put in evidence, given to Mendelson and signed by Fox himself, acknowledging the receipt from the defendant of the March rent for the premises in question.

Upon the evidence before us, the plaintiff seems to have been the tenant of Mrs. Zeitling until she transferred her holding to the defendant, and afterwards the tenant of the latter. The trial justice awarded judgment in favor of the plaintiff for the full amount claimed. For the reasons which have been given, we are unable to discover any theory upon which the judgment can be supported. It must therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.