Morrison v. Sohn.

## ALICE S. MORRISON, Appellant, v. JACOB L. SOHN, Respondent.

### Kansas City Court of Appeals, June 3, 1901.

1. **Fixtures:** IMPROVEMENTS TO A BUILDING: EVIDENCE: TENANT. The evidence is reviewed and it is *held* that certain fixtures made as improvements in a saloon by the subtenant are the personal property of the tenant, and he had the right to sell or remove the same.

2. **Landlord and Tenant:** FIXTURES: ESTOPPEL. Where the landlord's agent rents the premises to a tenant and at the same time encourages such tenant to buy fixtures from the preceding tenant, the landlord is estopped to claim such fixtures as a part of the realty and not the personal property of the tenant.

3. ———: ACCEPTING SURRENDER: RIGHT TO FIXTURES: SUBTENANT: POSSESSION. Where the landlord accepts the surrender with the subtenant in possession of the premises, he is affected with notice of the rights of such subtenant and will be bound to regard his rights under his sublease in relation to fixtures and improvements.

4. ———: FIXTURES: CONSTRUCTION. Between the landlord and tenant the rule in regard to the removal of fixtures is most liberally construed in favor of the tenant.

5. **Appellate Practice:** CONFLICTING EVIDENCE: DEFERRING TO THE TRIAL COURT. The reviewing court, in case of conflict of evidence, will defer to the evidence of the trial court.

Appeal from Jackson Circuit Court.—*Hon. John. W. Henry,* Judge.

AFFIRMED.

*Ben. T. Hardin* for appellant.

(1) Where mirrors are annexed to a building during the process of erection, as a part of that process, they form a part of the inside wall and become a part of the building. Loan v. Gregg, 55 Mo. App. 581; Cooke v. McNeil, 49 Mo. App. 81; Ward v. Kilpatrick, 85 N. Y. 413; Carlin v. Ritter, 68 Md. 478. (2) Even though the property be ordinary fixtures which could have been removed by Joffee at the termination of his tenancy, yet, when he terminated his tenancy with the Heim Brewing Company and quit the possession of the premises, leaving the fixtures therein, he would have no right to thereafter remove them. This is well-settled law. They must be removed, if at all, before the tenant leaves the building. Walsh v. Sichler, 20 Mo. App. 374; Donnewald v. Turner, 44 Mo. App. 350; Sanitary Dist. v. Cook, 169 Ill. 184; Kerr v. Kingsbury, 39 Mich. 150; Carlin v. Ritter, 68 Md. 478; Taylor, Landlord and Tenant, secs. 551, 553; Ewell on Fixtures, 144, 145. (3) Even if Joffee had not previously sold out to Helzberg, he could have conferred no authority on Sohn to remove the fixtures by his pretended sale to him, Joffee having no right in himself to so remove them. Dingley v. Buffman, 57 Me. 381; Davis v. Buffman, 51 Me. 160.

*I. N. Watson* for respondent.

(1) The court rendered a general judgment for defendant, and, if there is any legal evidence in the case which tends to uphold the finding and judgment of the trial court, this court will not interfere. Fahy v. Gordon, 133 Mo. 414; Calvert v. Bates, 44 Mo. App. 626; Brand v. Cannon, 118 Mo. 595; Bircher v. Parker, 40 Mo. 118; Hines v. Ament, 43 Mo.

298; Atkison v. Dixon, 96 Mo. 588; Kuhlmann v. Meier, 7 Mo. App. 263, and cases cited; Gear Landlord and Tenant, sec. 117, and cases cited; Woods Landlord and Tenant, sec. 531; Dryden v. Kellogg, 2 Mo. App. 87. (3) Plaintiff's agent having induced Sohn to buy the fixtures of Joffee, making no claim for appellant and appellant also making no claim that she owned the fixtures, for nearly seven years, is now estopped to claim ownership of or interest in any of the fixtures belonging to Joffee.

SMITH, P. J.—The plaintiff's petition alleged that she was the owner of a two-story building situate on a certain lot in Kansas City, and that the defendant, her tenant, carried on a saloon therein; that there was in said saloon certain valuable fixtures consisting of panels, mirrors, doors, windows, tiling, floors, sideboards, counters, vaults and other chattels which belonged to plaintiff and in which the defendant fraudulently claims some interest, and threatened to remove and sell; that the defendant was insolvent, and that plaintiff had no adequate remedy at law, etc. The prayer was for an injunction to restrain and enjoin defendant from selling or removing said fixtures, etc. The answer was (1) a general denial; (2) title in defendant acquired by purchase of George Joffee.

There was a trial and decree, "that the plaintiff is entitled to the panel work in which the mirrors are placed constituting the inside finish of the walls of the building, and the defendant is perpetually enjoined and restrained from removing the same from the building, and the court finds the issues for the defendant and that he has a right to all the mirrors in said building, both counters, the doors opening into the space used as a refrigerator, the chandeliers and the brass rods in said building, and the temporary injunction against defendant removing

such property is dissolved," etc. The plaintiff brings the cause here by appeal.

The plaintiff leased the said lot to the Heim Brewing Company for a term of five years. One of the provisions of the lease was to the effect that the lessee was to remodel and repair said building at an expenditure not to exceed two thousand dollars, not including fixtures, and at the end of the term to surrender the possession with all keys, bolts, latches and repairs in as good condition as received, the usual wear and use excepted. The Heim Brewing Company did not occupy the premises but sublet the same to George Joffee, who made the improvements required by the provisions of the lease from plaintiff to the lessee, the Heim Brewing Company. Joffee leased the premises and made the improvements thereto with the intention of conducting a dramshop therein. He placed the fixtures, described in plaintiff's petition, in said building to be used in connection with that business.

It seems that Joffee was the proprietor of another dramshop, and owing to a ruling of the county court that not more than one license would be issued to any person, he found it necessary to transfer the dramshop in question to one Helzberg, in whose name the license was obtained and the dramshop conducted. Helzberg gave Joffee a mortgage on the fixtures, stock, etc., to secure notes amounting to $5,000. To all outward appearances, the dramshop belonged to Helzberg. It seems, however, that in fact Helzberg was but a bartender for Joffee, and that the former was not in fact the owner, but that the latter was. Such latter superintended the business and controlled it as such owner. It was carried on in that way until December, 1891, when a fire occurred, partially marring and destroying the fixtures and interior of the building. The business was then discontinued, Helzberg going away and Joffee continuing in possession of the building and the fixtures

and stock therein.   He paid the rent to the Heim Brewing Company.   In June, 1892, Joffee, through one Kaiser, who was plaintiff's agent to rent the property and collect the rents therefor, sold the said fixtures to the defendant.   The defendant bought the fixtures and rented the building of Kaiser.

It appears that the Heim Brewing Company had refused to pay the rent for the months of November and December, 1890, and January, 1891, and suit was brought therefor against it by plaintiff.   In June, 1892, the Heim Brewing Company, under an agreement with the plaintiff, surrendered said lease.   The sale to defendant was made three days thereafter.   The right of the Heim Brewing Company to sublet the premises is not questioned.   The uncontradicted evidence was that under the sublease, Joffee reserved the right to remove the fixtures at the end of his term.

There was evidence adduced which tended to prove that while Joffee did not conduct a dramshop in the building after the fire, he retained and had possession of such building from the time he entered under his lease until his sale to defendant. No one else was shown to have been in such possession.   He was in possession under his sublease and so being had the right to remove the fixtures or to transfer them to the succeeding tenant.   These fixtures did not become incorporated with the realty but remained the personal chattels of Joffee.   They were put in the building with the understanding that they were not to become a part of the realty but were to be the personal property of the tenant.   There was evidence tending to show that the fixtures could be removed without injury to the reversion.   They were attached to the building in such a way as to be easily removed.   They were not a part of the permanent structure.

It seems clear to us that under the authorities they were but personal property of Joffee, and that he had the right to

remove or dispose of the same at the time he did so. Kuhlmann v. Meier, 7 Mo. App. 250; Dryden v. Kellogg, 2 Mo. App. 87; Walsh v. Sichler, 20 Mo. App. 370; Hines v. Ament, 43 Mo. 298; Bircher v. Parker, 43 Mo. 118.

It would be strange indeed if the plaintiff, after her agent in his negotiations with defendant which resulted in the renting of the building had encouraged him (defendant) to purchase of Joffee the said fixtures, could now be heard to claim that the same were a part of the building and, therefore, not the personal property of Joffee.

If Joffee was in possession at the time of the surrender, then the plaintiff in accepting such surrender occupied, as to him, the attitude of a stranger purchasing the premises. She would be affected with notice of Joffee's rights and be bound to regard his rights under his sublease. Such surrender did not have the effect to deprive Joffee of his right, under the sublease, to remove the fixtures or otherwise dispose of them. Ritzler v. Ralther, 10 Daly 286. There was further evidence that defendant rented the premises with the understanding that he should have the right to remove the fixtures bought of Joffee as well as those put in by himself. In Bircher v. Parker, supra, it was said:

"As between landlord and tenant, the rule in regard to the removal of fixtures is most liberally construed in favor of the latter; as the landlord pays nothing for the improvements put up by the tenant, policy and justice demand that the tenant should be allowed to remove the additions or improvements unless the removal would operate to the prejudice of the inheritance by leaving it in a worse condition than when he took possession." Applying this rule to the facts which the evidence tends to prove in the present case and we must concur in the conclusion reached by the trial court.

The evidence was quite conflicting, and it must be conceded that there was evidence that would have justified a contrary finding by the court; but the rule is that the reviewing court, in cases of this kind where the evidence relating to a controverted issue is conflicting, will defer to the finding of the trial court. Erskine v. Loewenstein, 82 Mo. 301; Chapman v. McIllwrath, 77 Mo. 43; Chouteau v. Allen, 70 Mo. 336.

It therefore results that the decree of the trial court must be affirmed. All concur.