(39 Misc. Rep. 342.)

### OSHINSKY v. GREENBERG et al.

(Supreme Court, Appellate Term. November, 1902.)

**1. LEASE—SURRENDER—REPLIES OF SUBTENANT.**

Where a tenant rightfully sublets the basement of demised premises and before the expiration of his lease surrenders it to one claiming as the grantee of the original lessor, the surrender does not affect the right of the subtenant to occupy the basement during his entire term.

Appeal from municipal court, borough of Manhattan, Fourth district.

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. §§ 256, 369.

Action by Louis Oshinsky against John Greenberg and others. From a judgment awarding plaintiff possession of certain demised premises, Charles Katz, a subtenant, appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and BLANCHARD, JJ.

Kantrowitz & Esberg (Moses Esberg, of counsel), for appellant.

Samuel Hoffman, for respondent.

FREEDMAN, P. J. Summary proceedings were instituted in the municipal court by the respondent to recover possession of certain premises described in the petition against one John Greenberg, as tenant, and Charles Katz, as undertenant, and a final order awarding the landlord possession of said premises was granted. The undertenant alone appeals. The petition sets forth:

(a) That in March, 1902, Simon Shapiro, the former owner and landlord, entered into a written agreement or lease with John Greenberg for the entire building, No. 112 Eldridge street, for the term of three years, commencing May 1, 1902.

(b) That such lease contained a provision as follows:

"Should the landlord, Simon Shapiro, sell the premises, or desire to build a new building thereon, then, upon giving two months' previous notice in writing to the tenant, John Greenberg, and upon payment then and there of the sum of $500, if this shall occur during the first year, or the sum of $400 if the same shall occur during the second year, or the sum of $300 if the same shall occur during the third year, then, and at the expiration of two months from the service of the notice, and the payment of the money, the lease shall terminate and be at an end."

(c) That on May 8, 1902, the former owner, Shapiro, conveyed the premises to the present owner, Louis Oshinsky.

(d) That on June 30, 1902, the tenant Greenberg surrendered the lease to Oshinsky.

(e) That the tenants and undertenants hold over.

The undertenant interposed an answer containing a denial of all the allegations set forth in the petition, except that he admitted that he was in possession of the basement of said premises, and alleged that Greenberg had leased to him (Katz) said portion of the premises for a term of one year, beginning May 1, 1902, under a written lease, and that the alleged surrender of Greenberg was without the knowledge or consent of Katz, and in fraud of his rights. The lease between Shapiro and Greenberg was offered and received in evidence. The words "not let or underlet the demised premises, or any part thereof," were erased, and it provided that the premises should be used for dwelling purposes only, except that the basement and parlor floor might be let for business purposes. No evidence of the giving of the two months' notice, or the payment of the sum of $500, as provided for in the lease, was offered at the trial; nor was the sale or transfer of the property to the respondent herein shown. It was shown that Greenberg had surrendered the lease to the respondent herein, and consented to an issuance of a warrant of dispossession in these proceedings.

The lease from Greenberg to the appellant herein was put in evi-

dence, and showed that Greenberg had let the basement to Katz for one year from May 1, 1902, which lease was dated March 11, 1902. The undertenant moved at the close of the landlord's case, and again at the close of the whole case, for a dismissal of the proceedings, as to him, upon the ground that the landlord had not made out a case entitling him to a final order of dispossession, and upon the specific ground that Greenberg, the tenant of the entire building, and the landlord of Katz, could not, by a surrender of his lease, deprive Katz of his rights. This motion was denied. This was error. The landlord herein (Oshinsky) did not show himself to be the owner of the premises. His allegation of that fact in his petition was denied by the subtenant, Katz, and no proof to sustain that allegation of the petition was offered. Moreover, the tenant Greenberg, by the surrender of his lease, could not terminate or deprive the subtenant of his existing rights. It has long been established that:

"Though a surrender operates between the parties as an extinguishment of the interest which is surrendered, it does not so operate as to third persons who at the time of the surrender had rights which such extinguishment would destroy. As to them the surrender operates only as a grant subject to their right, and the interest surrendered still has, for the preservation of their right, continuance. A surrender does not affect the interest of a subtenant, but he becomes the immediate tenant of the original lessor." 2 McAdam, Landl. & Ten. (Ed. 1900) § 399, pp. 1278, 1279.

Weiss v. Mendelson, 24 Misc. Rep. 692, 53 N. Y. Supp. 803. Eten v. Luyster, 60 N. Y. 259; Ritzler v. Raether, 10 Daly, 286.

The final order as to the appellant must be reversed, with costs, and, as a new trial could not affect the issues, judgment should be rendered in favor of appellant, dismissing the landlord's petition as to him.

Final order as to appellant reversed, with costs. All concur.