[Civ. No. 1039. First Appellate District.—September 20, 1912.]

## A. E. BUTTNER, Respondent, v. JOSEPH B. KASSER and MORRIS KASSER, Copartners Doing Business Under the Firm Name and Style of KASSER BROTHERS, Appellants.

LANDLORD AND TENANT—CANCELLATION OF LEASE—SURRENDER OF TERM BY LESSEE—RIGHTS OF SUBLESSEE UNAFFECTED.—A lessor, who accepts from his lessee a voluntary surrender of his term, whose lease contained no inhibitions against a sublease of the premises, cannot ignore the rights of a sublessee in possession, and compel him to pay the reasonable value of the use and occupation, but he can only be held liable for the rental reserved in the sublease to the lessee or his successor in interest; and the lessee cannot by merely surrendering his term to the lessor, destroy or affect the rights of the sublessee.

ID.—PROTECTION OF LANDLORD AGAINST SUBLESSEE.—The landlord has no privity with the sublessee, and cannot, merely because of the

cancellation of the original lease, maintain any action upon the sublease; but he may protect himself against the sublessee, either by making it a condition of accepting a surrender of the lease that he must procure the surrender of any sublease, or by taking an assignment from the tenant of all his rights against the sublessee in possession. Otherwise, the sublessee cannot be compelled to pay any rent after such surrender by the tenant.

ID.—ACTION BY LANDLORD AGAINST SUBLESSEES—COMPLAINT—DEMURRER—CONCLUSIONS OF LAW NOT ADMITTED—ERROR.—In the landlord's action to recover from sublessees the reasonable value of the use and occupation, where the complaint shows on its face that the defendants were in possession under a valid sublease made by the tenant, the allegations that the defendants were wrongfully in possession were of mere conclusions of law, which were not admitted by the demurrer of the sublessees to the complaint, and it was error to overrule it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Jacob S. Meyer, and Hugo K. Asher, for Appellants.

Sterling Carr, for Respondent.

HALL, J.—This is an appeal from a judgment rendered against defendants upon their refusal to answer plaintiff's complaint after an order overruling their general demurrer to said complaint.

The action is one to recover for the reasonable value of the use and occupation of certain premises used as a cigar-stand by defendants during the period for which a recovery was sought.

It appears from the complaint that on the ninth day of December, 1907, one M. A. Lang was in possession of certain premises including said cigar-stand, under a lease from the City Front Improvement Company, a corporation, who were the tenants under a lease of the entire premises, duly deraigned from the owner of the premises. The lease to Lang was for a period of fifteen years from April 1, 1907, and the lease held by the City Front Improvement Company was for a period of twenty-five years from September 15, 1906.

On the said ninth day of December, 1907, said Lang sublet the premises included in his lease (which included the cigarstand) to the Bay Front Improvement Company, a corporation, for a period of fifteen years from the first day of April, 1907, who entered into possession on said ninth day of December, 1907.

Under date of June 1, 1907, the said Bay Front Improvement Company sublet a portion of the premises, to wit, the cigar-stand, to defendants for a period of two years from June 15, 1907, by virtue of which lease defendants went into possession of said cigar-stand, and, as appears from subsequent allegations in the complaint, so continued until June 25, 1909.

On the seventeenth day of June, 1908, and while defendants were in possession of the cigar-stand and premises, sublet to them by the Bay Front Improvement Company, the lease from said Lang to said company was by mutual consent of said Lang and said company canceled. Though requested so to do by said Lang, said defendants refused to remove from said premises, and, as appears from the complaint, retained possession of the premises sublet to them by said Bay Front Improvement Company until the twenty-fifth day of June, 1909. The claim of plaintiff is split into two causes of action because of subsequent transfers and retransfers flowing from said Lang, which have finally resulted in vesting in plaintiff whatever claim Lang might have had to recover against defendants for the value of the use and occupation of the premises sublet to them if he had made no transfer of his rights after the surrender and cancellation of the lease made by him to defendants' lessor.

None of the leases, subleases or assignments pleaded in the complaint contained any inhibition or limitation upon the right to sublet the premises leased or any part thereof. At the time that the City Front Improvement Company surrendered to Lang and the lease from Lang to said company was by their mutual consent canceled, defendants were in possession under a valid sublease from said company to them.

Defendants did not consent to the surrender or cancellation of the lease to their lessor. Plaintiff, in framing his cause of action against defendants, has ignored the terms of their sublease, and has sued for the reasonable value of the use and occupation of the premises sublet to them by the Bay

Front Improvement Company, for the period during which they were in possession under the sublease subsequent to the surrender.

By the demurrer to the complaint the question is thus presented: May a lessor, to whom his lessee has surrendered his term, ignore the conditions of a valid sublease, under which a subtenant is in possession, at the time of the surrender, to which he does not consent, and compel him to pay the reasonable value of the use and occupation of his tenement regardless of the conditions of his sublease?

We say that this is the question presented by the demurrer. Before discussing it, however, it is convenient to dispose of a contention made by respondent in his brief that appellants by their demurrer admitted certain allegations of the complaint to the effect that defendants were wrongfully in possession of the premises during the period for which a recovery is sought.

These allegations were preceded by the allegations which deraign the title of defendants, showing that defendants were in possession under a valid sublease, and are mere conclusions of law. As we shall show in this opinion, a tenant, who has made a valid sublease, may not by a voluntary surrender of his term defeat or affect the term of his subtenant, who has not consented to such surrender. It appearing by the specific allegations of the complaint that defendants were in possession under a valid sublease, the allegations that they were wrongfully in possession were conclusions of law and were worse than useless. Conclusions of law are not admitted by a demurrer. (*Ohm* v. *San Francisco,* 92 Cal. 437, [28 Pac. 580] ; *Callahan* v. *Broderick,* 124 Cal. 80, [56 Pac. 782].)

We now take up the real question presented by the demurrer to the complaint.

It is contended by appellant that a lessor, who accepts from his lessee a voluntary surrender of his term and consents to a voluntary cancellation of the lease, cannot ignore the rights of a subtenant under a valid sublease, and compel him to pay the reasonable value of the use and occupation of his subtenement regardless of the terms of his sublease. Applying these general contentions to the facts alleged, defendants state their position in these words: ''Defendants contend that under these facts *assumpsit will not lie;* that their lease from Bay

Front Improvement Company has never been terminated and was in full force at all times mentioned in the complaint, and that any claim against the defendants with reference to their occupancy of the premises must flow from and be measured by the provisions of the lease between Bay Front Improvement Company and the defendants, and not otherwise. The action should have been based upon the lease, and not for rental value of the premises.''

Respondent on the other hand contends that the surrenderee cannot sue the subtenant on his lease for want of either privity of estate or contract, and that therefore he must have the right to sue for the reasonable value of the premises occupied and held under the sublease.

We have examined with care the authorities relied upon by plaintiff as supporting his contention that the surrenderee may sue the subtenant in possession under a valid sublease for the reasonable value of the use and occupation. None of them in our opinion supports his contention.

Indeed the full text of what the court said in *Bailey* v. *Richardson*, 66 Cal. 416, [5 Pac. 910], cited by respondent, is to the effect that in such a case the subtenant may hold without paying any rent at all. Speaking of a case where the lessee has surrendered to his lessor the court said: ''Although the tenant cannot prejudice the interest of the underlessee, yet he will lose the rent he has reserved upon the underlease, for the rent is incident to the reversion, nor can the surrenderee have it, for though the reversion to which it was incident has been conveyed to him, yet as soon as it was so conveyed, it merged in the greater reversion, so that the consequence is that neither the surrenderor nor surrenderee being entitled to the rent, the underlessee holds without payment of any rent at all excepting where the contrary has been expressly provided by statute.''

The case of *McDonald* v. *May*, 96 Mo. App. 236, [69 S. W. 1059], cited by respondent, does hold that the surrenderee may not sue the subtenant on the sublease, except where there has been an attornment, but falls far short of holding that an action will lie for reasonable value of use and occupation. On the contrary, it distinctly recognizes the rule that the rights of subtenants ''will not be destroyed or impaired by a surrender of the main lease.'' The court intimates that the

rule is a hard one as to landlords, deplored by judges and commentators because it sometimes operates to cut them out of their rent, while permitting a subtenant to retain the premises. In this regard it might be suggested that the original lessor may always protect himself against such a hardship by refusing to consent to a cancellation of the lease, unless accompanied by a surrender of the actual possession of the entire premises, or he may take an assignment of the rentals under the sublease.

The case of *Murphy* v. *Hopcroft*, 142 Cal. 43, [75 Pac. 567]. is also relied on by respondent as sustaining his theory of the right of a surrenderee to recover the value of the use and occupation as against a subtenant. We have examined the case, and fail to see that it touches the question here involved at all. Neither do any of the authorities cited by respondent support his contention that the surrenderee may in an action against the subtenant ignore the conditions of the lease under which the subtenant holds. It is not doubted but that upon a re-entry for forfeiture of the lease held by the sublessor the rights of the sublessee under his sublease will terminate. But the authorities are uniform to the effect that by a voluntary surrender of the lease, by the lessee to his lessor, no rights of a sublessee holding under a valid sublease can be affected. In such a case the interest and term of the subtenant continue as if no surrender had been made. (Jones on Landlord and Tenant, sec. 552.)

''A tenant may surrender his estate to his landlord, but if he have since its commencement created some minor interest out of it, or have made an underlease, he cannot, by surrendering, destroy the charge or affect the estate of the underlessee.'' (*Bailey* v. *Richardson*, 66 Cal. 416, [5 Pac. 910].) To the same effect are: *Satterlee* v. *Bliss*, 36 Cal. 489, 516; *Ritzler* v. *Raether*, 10 Daly (N. Y.), 286; *Eten* v. *Luyster*, 60 N. Y. 252; *Oshinsky* v. *Greenberg*, 39 Misc. Rep. 342, [79 N. Y. Supp. 853]; *Adams* v. *Goddard*, 48 Me. 212; *Morrison* v. *Sohn*, 90 Mo. App. 76; *Cuschner* v. *Westlake*, 43 Wash. 690, [86 Pac. 948]; *Mitchell* v. *Young*, 80 Ark. 441, [117 Am. St. Rep. 89, 10 Am. & Eng. Ann. Cas. 423, 7 L. R. A., N. S., 221, 97 S. W. 454].

While none of the cases above cited was a case where suit was brought by the surrenderee to recover rental from the

subtenant, yet the principle laid down in these cases that the rights of the subtenant cannot be affected by such surrender must govern the determination of this case.

One of the rights of the subtenant is to hold his term upon compliance with the conditions of his lease. He can be compelled to pay only such rental as was reserved in his lease, and may be entitled to a discharge from such rental on such conditions and for such breaches of his lease by his lessor as are provided for in his lease. None of his rights in these regards may be defeated or affected, without his consent, simply by the consent of his lessor and the overlord. To permit the subtenant to be charged for the value of the use and occupation, without regard to the terms of his lease, because his lessor had surrendered to the overlord, would be to permit his rights to be defeated by the voluntary action of his lessor. As before stated it is not doubted but that the subtenant may be defeated of his term by a forfeiture of the lease under which his lessor holds. No such condition exists in this case. It is simply a case of the cancellation of a lease by the mutual consent of the lessor and lessee after such lessee had made a valid sublease to a subtenant. While such cancellation is effectual as between the lessor and lessee, it cannot affect the rights of the subtenant. (See authorities cited *supra.*)

The court erred in overruling the demurrer, and for that reason the judgment is reversed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 19, 1912.