NORMA HUBBELL, as Agent of HUBBELL-COLIGNI CORPORATION, Landlord, *v.* VALESKA VAN COENAN, Tenant, and KARLA LIPTON, Undertenant.

City Court of the City of New Rochelle, November 10, 1947.

*Morris Golub* for landlord.

*Schrenkeisen & Kettner* for undertenant.

RUBIN, J. The landlord brings this summary proceeding against the tenant Valeska Van Coenan and one Karla Lipton, designated as undertenant, with respect to dwelling premises at 32 Coligni Avenue, New Rochelle. The petition declares that the proceedings are brought under the provisions of clause A of paragraph (1) of subdivision (a) of section 209 of the Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.* [Public Law 129, 80th Cong., 1st Sess.]), and after alleging that the original rent agreement with the tenant Van Coenan was for a period of twelve months, ending September 30, 1937; and that the term expired, it alleges that as part of the rent agreement the tenant agreed to quit and surrender the premises and leave the same vacant. It further alleges that on or about August 15, 1947, the tenant requested to be released from the lease and asked the landlord to accept the return of the premises, and the tenant did promise " To vacate and surrender said premises on or before September 1, 1947 ", but " that the said Valeska Van Coenan, tenant, violated an obligation of her tenancy in that she failed to have the premises vacant when she removed, on or about September 1, 1947, in that one Karla Lipton, a woman who resided with her for a period of her occupancy, remained in possession of the said premises, without the consent of the said landlord ".

The petition then alleges that both tenant " and Karla Lipton, under-tenant ", held over after the expiration of the tenant's term.

At the trial, and before the taking of testimony, the petition was amended, without objection, so as to substitute the language that "on or about September 1, 1947, the tenant, Valeska Van Coenan, removed from the premises and terminated her tenancy ".

The tenant Valeska Van Coenan has defaulted in the proceeding insofar as answering is concerned, although she did appear as a witness for the undertenant Lipton, who appears by counsel, and contests the landlord's right to an order of possession.

From the facts adduced upon the trial and which were in dispute, it is clear and the court finds that Karla Lipton is in possession of these premises, not as an intruder or trespasser, but with the express knowledge and permission of the landlord. It is true that the exact nature of the term so accorded the undertenant cannot be definitely defined from the testimony, but whether it was an occupancy at will, or from month to month, or for a fixed term, would matter little

for the purpose of this decision, since on any of these bases it would carry with it for the occupant the protection of the emergency provision of the housing act, which bars proceedings to evict an occupant of dwelling quarters unless the landlord can bring itself within the specific statutory exceptions. Contrary to the position taken in the landlord's brief, this court rules that the burden of proof is on the landlord to establish it is within the exceptions and that that burden does not rest with the occupant in challenging the landlord's right to proceed.

Although there is some language in the petition to the effect that the proceeding is brought because the tenant " violated an obligation of her tenancy ", taking the petition as a whole and considering the testimony in the case, the only proven breach of any agreement by the tenant is the failure to carry out or consummate an agreement for surrender and acceptance. So as to clarify the issues, the court holds that there was an agreement between the landlord and the tenant to effect such a surrender and acceptance, but the breach thereof, in the ultimate, merely establishes a failure to give possession at the end of a term, and by express language of the housing act that cannot be accepted as a ground for maintenance of a summary proceeding. Were this proceeding brought by reason of an alleged unlawful assignment or subletting, we would have a different situation to deal with. It is not brought on that ground.

Furthermore, the record does not establish that there ever was a surrender and acceptance by the main tenant under local law, and even if there were such a surrender and acceptance spelled out for the sake of argument, there is no proof that the subtenant Lipton was a party to it, and upon familiar principles, in the absence of such participation by the subtenant, her right of occupancy, whatever the nature of it be, is not affected. (*Weiss* v. *Mendelson,* 24 Misc. 692; *Ashton Holding Co., Inc.,* v. *Levitt,* 191 App. Div. 91.)

There may be an incidental question later to be decided as between the landlord and the main tenant who may have made herself liable under the provisions of section 229 of the Real Property Law for failure to give possession to the landlord, after giving notice of an intention to quit. But the determination of that question is not presently before the court. Incidentally, it may pose a nice question of law, which seemingly has not been passed upon to date, as to whether section 229 is enforcible in the face of the emergency provisions of the housing act.

Finally, the court notes the landlord's argument that the housing act represents a releasing of controls as compared to what prevailed under the Office of Price Administration. The language of the new act does definitely indicate that it was intended to liberalize the proceedings and to lessen the stringency *as far as rental controls are concerned,* but nowhere can it be found that it was the intention of Congress to lessen the restrictions against summary proceedings insofar as the right of possession is concerned; and the reason for that is obvious when we consider what is common knowledge, that the housing situation, if anything, is more acute than at any time prior to the enactment of the housing act.

The court, in accordance with the foregoing, dismisses this proceeding, without costs.