TONE *vs.* BRACE.

The provision of the revised statutes that no covenant shall be implied in any conveyance of real estate, does not extend to implied covenants of warranty as to the quiet enjoyment of the demised premises, in a lease of a term of years, creating a mere chattel interest in land. Such a lease is not, in the ordinary acceptation of the term, a conveyance of the land.

THIS case came before the chancellor upon appeal, and the facts are stated in the report of the case before the vice chancellor, in Clark's Chancery Reports, upon a previous application.

*C. M. Lee,* for the appellant. The lease in question contains no express covenant, the words used are " demise and lease;" and all implied covenants in a conveyance of real estate are abolished, and, therefore, the complainant has no remedy either in this court, or in a court of law. At common law, the words " demise and lease" imply a covenant. And a lessee upon eviction before the termination of the demise, could maintain an action for damages. (8 *Cowen,* 36. *Barney* v. *Keith,* 4 *Wend.* 502.) This rule of the common law is altered by the revised statutes. (1 *R. S.* 730, § 140.) The section is in these words, " No covenant shall be implied in any conveyance of real estate, whether such conveyance contains special covenants or not." This section includes leases for years as well as deeds in fee. A lease for years is a conveyance of real estate. In 1 *R. S.* 750, (§ 10, *ch.* 1,) it is declared that the terms "real estate" and "lands," as used in that chapter, should be construed as co-extensive in meaning with "lands, tenements and hereditaments." This legislative interpretation includes estates less than freehold. (*Tone* v. *Brace,* 8 *Paige,* 597.) A lease for years is a conveyance. The legislature say " a conveyance made by a tenant for life or years, &c. showing conclusively that a lease for years is a conveyance. (1 *R. S.* 739, § 45.) In 1 *R. S.* 751. § 36, it is declared that " the term real estate, as used in

that chapter, should be construed as co-extensive in meaning with lands, tenements and hereditaments, and as embracing all chattels real, except leases, for a term not exceeding three years."

The complainant had a perfect remedy at law, and therefore, cannot come to ask the aid of this court. If there is any covenant, either express or implied, in this lease, on the part of Brace, it is included in the same instrument with the covenant on the part of the lessee to pay rent. It was fully competent for Tone to have defended himself at law in the action for rent. He did so and failed, and the law will presume it was because he failed in his proof. He could have recouped his damages of Brace, whether liquidated or not. (*Ives* v. *Van Ness*, 22 *Wend.* 155.)

*J. W. Gilbert*, for respondent. The respondent is entitled to compensation for his damages, in consequence of the eviction under the implied covenant for quiet enjoyment. At common law, the words "demise and lease" imported a covenant for quiet enjoyment. (*Grannis* v. *Clark*, 8 *Cowen*, 40. *Barney* v. *Keith*, 4 *Wend.* 504. *Tone* v. *Brace*, 8 *Paige*, 597.) The revised statutes have not changed the rule of the common law. A lease is in no sense a *conveyance of real estate*, within the meaning of the statute. The term conveyance, as used in this chapter, is not defined. It is evidently employed in its common law sense, and imports a transmutation of title. A lease can operate as a conveyance only in conjunction with a release of the reversion. Alone it creates only a chattel interest, by demise, and not conveyance, which interest is passed, not by conveyance, but by assignment. (*Jac. Law Dict. tit. Conveyance.* 4 *Kent's Com.* 96.) Prior to the statute of frauds, (29 *Car.* 2,) such interest might have been created by parol. A lease cannot be denominated a "conveyance." It is truly defined, by Chancellor Kent, to be "a contract for the possession and profit of lands." (4 *Kent's Com.* 85.) But if a lease be a conveyance, it is not a conveyance of *real estate*. It conveys only personal property, a mere chattel interest. In the event of the death of the lessee, his interest goes to the executor or administrator, and not to the heir. (4 *Kent's Com.* 93.) Such an interest is not within the

statute authorizing a redemption of real estate. (*People* v. *Westervelt*, 17 *Wend.* 374.) The legislature did not intend to embrace terms for years, in the definition of real estate and lands in 2 *R. S. 2d ed.* 741, § 10, because in defining the same term in the recording act, they have expressly included chattels real. (1 *R. S. 2d ed.* 751, § 36.) *Inclusio unius est exclusio alterius*. (1 *Clarke*, 507.). Taking the legal import of the terms "tenements" and "hereditaments," it is manifest that a term for years is not embraced in either. (4 *Kent's Com.* 95. *Preston on Estates*, 8, 10, 11, 205. 2 *Black. Com.* 16, 17. 1 *Co. Lit.* 176.) The title of 1 *R. S.* 717, § 5, entitled " of the creation and division of estates," denominates terms for years, *chattels real*, as contradistinguished from estates of inheritance, which are denominated "freehold." When the freehold is preceded by a term for years only, the freehold is a *present* interest. (*Gore* v. *Gore*, 2 *P. Wms.* 27.) And a husband has an absolute power to assign the chattels real of his wife. (3 *Co. Lit. by Thomas*, 243.) A devise of all the testator's lands, tenements and hereditaments, will not pass a term for years. (*Thompson* v. *Lawley*, 2 *Bos. & Pull.* 303, *and cases cited.*) These authorities show that terms for years have not been treated as real estates. '

The stipulation in the lease, that the lessee may take off a crop after the expiration of the term, in connection with the rest of the instrument, amounts to an express covenant that the lessee shall enjoy the premises during the whole term. The respondent has not an adequate remedy at law. A cross action would have been fruitless in consequence of the insolvency of the appellant. The right of *recoupment* is confined to cases of dependant covenants, or covenants upon *condition*. The term imports *defalk* or discount, not a cross claim. (*Jack. Law Dict. tit. Recoupe.*) The rule has always existed that *cross damages* arising out of a breach on the part of the plaintiff to the *same contract*, on which the defendant is sued, may be set off. This was allowed at law, before any statute of set-off, to avoid circuity of action; but it has never been extended so as to allow a set-off of damages arising out of *independent covenants* or

*separate instruments,* which are alike. (8 *Wend.* 109 ; 22 *Id.*
155.) In this case the covenants are independent, and this
creates a broad distinction, and one which has been uniformly
recognized. (*Opinion of Marcy J. in Reab* v. *McAllister,* 4
*Wend.* 490, *and cases cited.*) The supreme court, in *Ives* v.
*Van Epps,* (22 *Wend.* 157,) say " the defendant ought always
to have an election whether he will go by way of recoupment,
or by cross action." Having this election, the respondent was
right in availing himself of it, and the insolvency of the appel-
lant is a sufficient reason for bringing the cross action in this
court. This court will entertain jurisdiction, because the remedy
at law is doubtful. The case of *Sickles* v. *Fort,* (15 *Wend.*
539,) is in point, and establishes the principle that a tenant can-
not, in an action for rent, have an allowance for the damages
which he has sustained by breach of the landlord's agree-
ment. But if the respondent has an adequate remedy at law,
the objection is not taken in the answer, and cannot, therefore,
be raised on the hearing. (*Le Roy* v. *Grandin,* 2 *Paige,* 509.)

THE CHANCELLOR. This is an appeal by the defendant
from a decree of the vice chancellor of the eighth circuit. For
the reasons stated by the vice chancellor, in the report of this
case, upon an application to renew the injunction, (1 *Clark's
Ch. Rep.* 503,) I think the 140th section of the article of the
revised statutes relative to alienation by deed, (1 *R. S.* 738,)
does not extend to the implied covenants of warranty as to quiet
enjoyment of the demised premises in a lease of a mere term of
years, creating only chattel interest in lands. Such a lease is not,
in common parlance, called a conveyance of lands, tenements, or
hereditaments; though an instrument by which the lessee might
afterwards transfer his interest in the leasehold premises to an-
other might very properly be denominated a conveyance of his
chattel interest as lessee. I am therefore of opinion that the
supreme court erred in the case of *Kinney* v. *Watts* (14 *Wend.*
38,) in the construction of the statute itself, as well as in the
application of it to a lease of lands lying in another state.

Although the decision in the case of *Ives* v. *Van Epps,*

(22 *Wend. Rep.* 155,) may be considered as settling the principle that relief might have been obtained at law, by a *recoupment* in damages, if the complainant had been aware of such decision, that case had not been reported when the suit was commenced at law, for the rent. That decision also carried the principle of recoupment farther than it had been previously understood to be allowable. The remedy at law was therefore doubtful, and furnished a proper ground for the interference of this court, at the time this bill was filed. For the defendant was out of the state and was insolvent. The fact of insolvency was denied by the answer of the defendant; and it had not been established by the proofs at the time this case was before this court, upon the application to dissolve the injunction. But the insolvency is now satisfactorily established, notwithstanding the belief of some of the witnesses for the defendant, that he had property enough to pay all his debts if his creditors would wait until he should be able to sell his property at what these witnesses suppose it was really worth.

The decree appealed from must therefore be affirmed, with costs.