I do not think this case falls within the rule that a tenant cannot dispute the right of his landlord, either in an action to recover possession of the demised premises, or for the rent in arrear. The lease referred to in the complaint is not said to be an indenture, executed by both parties, but is simply said to be in writing, and must therefore be taken to be a parol demise. Neither is it said that the defendant entered into possession and held under the demise. In the absence of a deed executed by both parties, or an actual entry, the relation of landlord and tenant did not strictly exist.
The demise was for the term of two years, by writing not under seal, reserving rent, payable quarterly, which the defendant promised to pay. An agreement for quiet enjoyment *Page 333 
is to be implied from the terms of the lease, upon the authority of the case of The Mayor of New-York v. Mabie (3 Kern.,
151), and Tone v. Brace (11 Paige, 566). The agreement for quiet enjoyment and that to pay the rent, were entirely independent of each other, and the former was a good consideration for the latter.
The first count or allegation of the defendant's answer sets up as a defence the plaintiff's want of any interest or estate in the demised premises, and that no estate, term or interest passed to, or became vested in the defendant by virtue of the lease. This is an insufficient ground of defence upon the authority ofWhitney v. Lewis (21 Wend., 131), which was an action upon a bond, given for the purchase money for lands sold by the obligee to the obligor, with a covenant in the deed for quiet enjoyment. The defendant pleaded that the plaintiff had no title to the land conveyed, and no right to convey, and that there was no consideration for the bond. The plea was held bad upon demurrer, upon the ground that the covenant for quiet enjoyment was a sufficient consideration for the bond.
The second allegation in the answer sets out as a defence the recovery of a judgment by one William Williams, plaintiff, against Charles W. Smith, the defendant in this action, in the Superior Court of the City of Buffalo, in an action to recover possession of the demised premises, which judgment was rendered on or about the 10th day of May, 1856. The term commenced on the 1st day of May, 1855, and the action was brought on the 3d day of May, 1856, to recover one year's rent then in arrear. It is not said upon what title Williams obtained his judgment, nor is it alleged that the defendant has been evicted, or deprived of the possession. In pleading an eviction, the plea must state an eviction or expulsion of the tenant from the demised premises, and the keeping him out of possession until after the rent became due; otherwise it is bad. (1 Saunders, 204, *Page 334 note 2.) The answer fails to furnish any of the essential requisites.
The judgment upon the demurrer should be affirmed.
All the other judges concurring,
Judgment affirmed.