JOSEPH S. BURR *v.* ROBERT S. STENTON, Respondents, and JAMES BOUGHTON, Appellant, impleaded with others.

The provisions of the Revised Statutes (1 R. S., 730), that no covenant shall be implied in any conveyance of real estate, whether such conveyance contains special covenants or not, do not apply to leases for years; but in such cases, a covenant for quiet enjoyment is ordinarily implied.

But where a lease contains an express covenant for quiet enjoyment *without molestation or disturbance from the lessor, his successors or assigns,* no other or further covenant in respect to enjoyment will be implied.

Where the lessor has, at the time of giving the lease, no title to the land leased and enters into no covenant, express or implied, for quiet enjoyment, except against his own acts, his subsequently acquired title does not enure to the lessee by virtue of the lease; but the latter holds the premises as against the lessor by virtue of the latter's personal covenant, which operates by way of estoppel only to prevent *his* interference with the lessee's possession, and in no way binds him to protect the lessee against the foreclosure of previous liens upon the property.

Accordingly, whatever may be the rule where there is a general covenant for quiet enjoyment, express or implied, in the lease, and where, at the time of the lease, the lessor actually has the fee out of which an estate for the lessee has been carved, yet, in the case stated above, a mortgage upon the premises having been foreclosed, and the question arising between the lessor and lessee as to the surplus moneys arising on such foreclosure,—*Held,* as between them, the lessor was entitled to the whole, the lessee having no right to any portion thereof.

(Argued December 21, 1870; decided January 24, 1871.)

APPEAL from the late General Term of the second judicial district, reversing an order of the Brooklyn Special Term, allowing exceptions to a report of referee as to surplus moneys on a foreclosure of a mortgage, and directing a cer-

tain portion thereof to be paid to the appellant, Boughton, lessee of the premises.

The plaintiff held a mortgage dated in 1856 upon No. 41 Wilson street, in the city of Brooklyn, to secure the sum of $1,800. He commenced a foreclosure of this in 1866, the present action, and proceeding to judgment the property was sold, and there was a surplus of $4,659.68.

April 27th, 1863, the defendant, Stenton, leased the premises to the defendant, Boughton, appellant, for five years from May 1st, 1863, at the yearly rent of $350, under which Boughton entered into possession, and so continued up to November, 1866, when he was ousted. The respondent, Stenton, did not own the premises at the time of the lease; but acquired title June 25th, 1863, in fee, subject to the mortgage, and owned the equity of redemption at the time of foreclosure. His lease to the appellant contained no other covenants on the part of the lessor than one that the lessee should and might "peaceably and quietly have, hold and enjoy the said demised premises for the time aforesaid without molestation or disturbance of or from said party of the first part, lessor, his successor or assigns." The referee to whom it was referred to ascertain and report upon the respective claims and priorities to the surplus proceeds, filed his report finding as facts what have already been stated, and also that the value of the appellant's unexpired term in the premises of which he was foreclosed was, according to the evidence, $975. He found as a conclusion of law that the lessor, Stenton, was entitled to the whole surplus. The Special Term upon exception to this, directed that the sum of $975 be paid to Boughton out of the surplus and the rest to Stenton. The latter appealed to the General Term, where the order was reversed and the moneys directed to be paid in accordance with the original report of the referee. Boughton appeals to this court.

*Samuel Hand* and *Samuel A. Noyes*, for the appellant.

*A. C. Bradley*, for the respondent.

GROVER, J.  In *Tone* v. *Brace* (11 Paige, 566) it was held that section 140 (1 Revised Statutes, 730), providing that no covenant shall be applied in any conveyance of real estate, whether such conveyance contains special covenants or not, was not applicable to leases for years; that such leases were not conveyances of real estate within the meaning of that section.  The same doctrine was held in *Vernam* v. *Smith* (15 N. Y., 328); and that in such leases, covenants for quiet enjoyment were implied.  But this cannot aid the appellant in the present case, for the reason that the lease contains a covenant, that, upon payment of the rent reserved, etc., he should peaceably and quietly have and enjoy the said demised premises for the term without molestation or disturbance of or from the lessor, his successor or assigns.  The rule, that where the instrument contains an express covenant in regard to any subject, no covenants are to be implied in respect to the same subject, is too familiar to require more than its statement.  (See *Vandekarr* v. *Vandekarr*, 11 Johns., 122; 4 Cruise Digest, 395, §§ 15, 16.)  The lease in the present case was nothing more, in effect, than a transfer by the respondent to the appellant of whatever right of possession the respondent had, if any, to the demised premises for the term specified in the lease, the appellant paying the stipulated rent while enjoying the premises under such demises.  There is nothing contained in the report of the referee tending to show that the respondent practiced any fraud upon the appellant in respect to his title, or but that the appellant was as well acquainted therewith as the respondent himself.  The fact that, at the time of giving the lease, the respondent had no title to the land, is, therefore, wholly immaterial.  Had he never acquired any such title, and the appellant had, therefore, never acquired any possession of the demised premises, or right thereto by virtue of the lease, he would have had no action against the respondent for the recovery of even nominal damages for the breach of the covenant in his lease.  When the respondent thereafter became the owner of the premises,

subject to the lien of a prior mortgage, the lease by virtue of the covenant became operative to the extent of the title thus acquired, and no further. The respondent by acquiring this title, was no more bound by his covenant to protect the interest of the lessee from the lien of the mortgage than he was to purchase the equity of redemption in the first instance. It is, therefore, entirely clear, that the appellant had no remedy against the respondent for the recovery of damages, by reason of the failure of the title of both by a sale of the premises upon a foreclosure of the mortgage. How then, has he any equitable lien upon the surplus arising upon such sale for any such compensation? If he has, the singular case is presented, where the lessee can obtain compensation when there was a surplus upon a sale by virtue of a prior encumbrance, when he would have no valid claim in case the encumbrance exhausted the entire proceeds. This is sought to be sustained upon the ground, that the estate of the lessee in the land has been sold, and to work out an equity in his favor, for the reason that the value of his estate so sold has gone to increase the surplus arising upon the sale, and that, therefore, he has an equitable claim to indemnity for the value of his estate out of the surplus. There can be no doubt, under our statute, that the lessee for years has an estate in the land. (1 R. S., 722, § 1.) This estate may be sold on execution. (2 R. S., 722, § 5.) As owner of such an estate, the lessee may redeem a prior encumbrance. (*Averill* v. *Taylor*, 4 Seld., 44.) But to constitute such an estate in the lessee, the lessor must, at the time of giving the lease, have an estate out of which the term may be carved, or he must subsequently acquire title, which by the operation of the covenants of the lease will inure to the benefit of the lessee, and thus give him an estate in the land. If the lessor has no title at the time of giving the lease, and does not thereafter acquire any, it is perfectly obvious that the lessee never has any estate or interest in the land by virtue of the lease, any more than a grantee in fee where his grantor has no title. The lessee acquires an estate in the land under the lease, only

HAND—VOL. IV.      59

where the lessor has title enabling him to create the estate, or when acting under a power adequate for such purpose. When the title of the lessor is destroyed or overthrown, it is equally obvious that all titles derived from him by lease fall with it. When, in the present case, the respondent acquired the equity of redemption, we have seen that this enured to the benefit of the lessee by means of the covenant in the lease, but it could only so inure to the extent of the title subsequently acquired. That title was subject to the lien of the mortgage, and liable to be destroyed by its foreclosure, a fact which actually occurred. Upon its occurrence, and sale of the premises by virtue thereof, the estate both of the lessor and lessee terminated. It is absurd to say that the estate of the lessee for the unexpired term, specified in the lease, was sold for the reason that all the estate he ever had therein was defeasible upon, and defeated by the sale upon the foreclosure of the mortgage. This left him to his remedy upon the covenants in his lease, if any. It is unnecessary · in the present case, to inquire whether the surplus money arising upon the sale of the land under a prior encumbrance, may not in equity be substituted for the land, and that in consequence, the appellant having, as against the respondent, a right to the use of the land for the unexpired term specified in the lease, has not the right to the use of the money for the same period, for the reason that the interest of the surplus is less than the rent reserved in the lease. I am wholly unable to discover, in the present case, any ground upon which the appellant can base any claim to the surplus money. It is said that the respondent was in fault for not paying off the mortgages by that means protecting the title to the lessee. One answer to this is, that the respondent had in no way agreed to protect his title against this encumbrance. Another is, that the appellant was equally in fault, for not redeeming the mortgage and thus protecting his interest. This he could have done by paying the amount to the holder of the encumbrance, and taking an assignment thereof to himself. If the holder refused to receive the money from him and execute

the assignment, equity would have compelled him so to do. Upon the argument a large number of cases were cited by the counsel for the appellant showing, as claimed by him, that the rule limiting a recovery by the grantee against grantor for a breach of the covenants of warranty of title to the consideration paid and interest, and for breach of the covenant for quiet enjoyment in leases to the advance rent paid had been changed. Among the cases so cited were *Mack* v. *Patchin* (42 N. Y., 167) and *Pumpelly* v. *Phelps* (40 N. Y., 60). I think that the learned counsel must have overlooked the following portion of the opinion of EARL, P. J., in the former, " ordinarily in an action against the vendor of real estate for breach of covenant of warranty, the vendee can recover only the consideration and interest for not exceeding six years, and when the contract of sale is executory, no deed having been given, in cases where no part of the purchase-money has been paid, the vendee can recover only nominal damages, and in cases where purchase-money has been paid, he can recover the purchase-money interest and nominal damages. In an action by the lessee against lessor for breach of covenant for quiet enjoyment, the lessee can ordinarily recover only such rent as he has advanced, and such mesne profits as he is liable to pay over." The learned judge then proceeds to enumerate exceptions to the rule, and give the reasons upon which such exceptions were founded; and although some of the reasons so given, standing alone, would seem to sustain the argument of counsel, yet surely, in view of the above extract, no one can suppose that the learned judge designed to innovate in the least upon the rule under consideration. The point adjudged was, that inasmuch as the lessor was one of the two purchasers upon the sale of the demised premises, who, in co-operation with his co-purchaser, had procured a writ of assistance, by virtue of which the lessee was turned out of possession, the case was to be regarded as one of eviction by the landlord. The following passage in the prevailing opinion of MASON, judge, in *Pumpelly* v. *Phelps*, must likewise

have been overlooked. After discussing the rule under consideration, and the cases in which it was under consideration, he adds: "These views are not presented to induce the court to overrule or repudiate the adjudged cases in our own courts upon this subject. They reach back over a period of more than forty years, and have been too long sanctioned, to be now repudiated." From this it appears that, notwithstanding any criticism upon the wisdom of the rule in its origin and the citation of cases from other States, showing its non-existence there, there was no design to depart from it here. The case arose upon the breach by the vendor of an executory contract for the sale of land. The only point adjudged was that the rule did not apply to a case where the vendor knew, at the time of executing the contract, that he could not perform it by a conveyance of the title without the consent of a third person, which it subsequently turned out that he could not obtain, although he believed at the time in good faith he could obtain it. This was the only question in the case, and its decision involved only the application of the rule, well settled, that, if the vendor, at the time of entering into the contract, knows that he is unable to perform it, he is liable upon its breach to pay the difference between the contract price and the actual value of the land, and that his belief that he could thereafter and before the time fixed for performance acquire title or otherwise render himself capable of performance, did not prevent the application of the rule. I have considered the present case upon its own merits, leaving a case where there is an express or implied covenant for quiet enjoyment in the lease to be determined when it arises. Then it will be necessary to determine whether and how far the rule fixing the amount of the recovery has been changed, and a more extensive examination of the cases may be necessary. I only thought it necessary to show that the two late cases in this court, of *Mack* v. *Patchin* and *Pumpelly* v. *Phelps*, were no authority in support of any such change. The order appealed from must be affirmed with costs.

CHURCH, Ch. J., concurred in the result, on the ground that the lessee got no estate by the lease, because the lessor had no title at the time of its execution; and, there being no covenant for quiet enjoyment, express or implied, the title subsequently acquired by the lessor did not enure to the lessee by virtue of the grant, but the latter held the premises, as against the lessor, by virtue of his personal covenant, which operated upon him by way of estoppel to prevent his interference with the lessee's possession.

FOLGER, J., was for affirmance, on the ground stated above by the chief judge. PECKHAM, J., concurrred with GROVER, J. ALLEN and RAPALLO, JJ., did not vote. ANDREWS, J., absent.

Order affirmed.