<hr />

## CONLEY v. SCHILLER.

### (Ulster County Court. July Term, 1893.)

1. LEASE—COVENANTS—QUIET ENJOYMENT.
   Though a lease of agricultural lands for four years does not, in terms, contain a covenant for quiet enjoyment, it is implied, and is not within the inhibition of the statute providing that there shall be no implied covenant in a conveyance of land, such a lease not being a conveyance of the realty.

2. SAME—ATTORNMENT.
   Where demised premises are sold under foreclosure during the term, the tenant can attorn to the purchaser, under 1 Rev. St. (Birdseye's Ed ) p. 86, § 16.

3. SAME—EVICTION.
   Where a tenant yields possession to the purchaser of the property at foreclosure sale of the landlord's interest, it constitutes an eviction.

Appeal from justice court.

Action by John Conley against John Schiller to recover on a lease. Judgment for plaintiff, and defendant appeals. Reversed.

E. Palmer, for appellant.
M. F. Kinney, for respondent.

CLEARWATER, J. The plaintiff, by lease in writing, under seal, let to the defendant a farm at the base of the Catskill mountains at the rental of $180 per year, the only covenant as to term being as follows:

"The said Schiller has the privilege of remaining on the said farm, under this lease, if he sees fit, for four years after the expiration of the first year, if not sold by said Conley in the mean time."

The complaint alleges the letting to have been for one year from April 6, 1892, and occupancy from that date to August 24th of the same year. The defendant pleaded eviction during his term, in bar, and damages because of it, by way of recoupment. It was admitted upon the trial that he occupied the premises from April 6 until August 24, 1892, when they were sold under the foreclosure of a mortgage given by the plaintiff before the lease. The defendant attorned to the purchaser, and remained in possession under him. The plaintiff had judgment in the court below at the rent reserved for the time of occupancy, and now urges there was no covenant of quiet enjoyment, and no eviction. Neither position seems to me well taken. While the lease did not, in terms, contain a covenant for quiet enjoyment, that such a covenant is implied has been too long and well settled to now admit of question. Shep. Touch. 271; Chit. Gen. Pr. 344, 345; 2 Thom. Co. Litt. 204; Story, Cont. § 906; 1 Pars. Cont. (5th Ed.) 500; Com. Landl. & Ten. § 172; Tayl. Landl. & Ten. § 304; Archb. Landl. & Ten. p. 276; Woodf. Landl. & Ten. (6th Ed.) pp. 88, 504; 1 Washb. Real Prop. (3d Ed.) 427; Rawle, Cov. 362, and note 2; Andrews' Case of Grey's Inn, Cro. Eliz. 214; Nokes v. James, Id. 674; Nokes' Case, 4 Coke, 80b; Anon., 3 Dyer, 257a; Mack v. Patchin, 42 N. Y. 167; Boreel v. Lawton, 90 N. Y. 293. Nor is such an implication within the inhibition of the statute of this state providing that no covenant shall be implied in any conveyance of real estate, because a lease of agricultural lands for a period of less than 12 years is not, in a legal sense, a conveyance of the realty, but merely a grant of a term for years. It is a thing personal, going to the executor, like other chattels. The holding to the contrary in Kinney v. Watts, 14 Wend. 38, cited by the respondent, was disapproved in Tone v. Brace, 11 Paige, 566, and overruled in Mayor, etc., v. Mabie, 13 N. Y. 151. The demised premises having been sold during the defendant's term under a decree foreclosing a mortgage given before his lease, his attornment to the purchaser was authorized by the statute, which permits attornments by tenants (1) with the consent of the landlord; or (2) pursuant to, or in consequence of, a judgment at law, or the order of a decree of the court of equity; or (3) to a mortgagee after the mortgage has become forfeited. 1 Rev. St. (Birdseye's Ed.) p. 86, § 16.

To constitute an eviction there must, of course, have been such a disturbance of the defendant's possession as to have amounted to

ouster, in contemplation of law. But this need not have been actual or physical, for if the tenant yields his possession, in pursuance of the judgment of a court of competent jurisdiction, to the person adjudged to be the real owner of the paramount title, it is, in law, an eviction, as effectual as though he were actually put off the premises. To refuse to yield possession when so commanded by a proper decree would not be good sense, nor would it, in law, avail him more than if he acquiesced in the judgment of the court, and voluntarily obeyed its mandate. Insurance Co. v. Sherman, 46 N. Y. 370; Hunt v. Amidon, 4 Hill, 345; St. John v. Palmer, 5 Hill, 599; Simers v. Saltus, 3 Denio, 214; Dyett v. Pendleton, 8 Cow. 727, 730; Greenvault v. Davis, 4 Hill, 643. He did right, therefore, to surrender his possession without waiting for the issue of a writ of assistance. An eviction by title paramount, before the rent falls due, discharges the tenant from its payment. The consideration for the obligation to pay rent is the enjoyment of the land. When the consideration ceases the obligation falls. 1 Kent, Comm. 464. It follows that there should have been no recovery in the court below, and that the judgment must be reversed, with costs.