(45 Misc. Rep. 636)

## BOVE v. COPPOLA.

(Supreme Court, Appellate Term. December 7, 1904.)

1. LEASE—CANCELLATION—RIGHT TO POSSESSION—SUBLESSEE.

    Where a lease provided for its cancellation and surrender at the landlord's option on payment of a certain sum to the lessee, and it was canceled pursuant thereto, the landlord was entitled to possession as against a sublessee in possession at the time of the cancellation.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Maria Bove against Vincenzo Coppola. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Barra & Cuoco, for appellant.
Sol. A. Hyman, for respondent.

BISCHOFF, J. The tenant was in possession under a sublease. The principal lease provided for its cancellation and surrender, at the landlord's option, upon payment of $150 to the lessee, and it was canceled and surrendered precisely within the terms of this provision; yet the landlord has been denied the right to possession as against this subtenant, because the latter was not a party to the surrender, upon the theory that his lease endured, therefore, within the limit of the term of the original lease. Weiss v. Mendelson, 24 Misc. Rep. 692, 53 N. Y. Supp. 803; Eten v. Luyster, 60 N. Y. 252. These authorities simply declare the recognized rule that the subtenant's rights, measured by his lessor's (the principal tenant's) estate under the principal lease, cannot be cut down by some new dealings between the principal lessor and lessee; but obviously, where the principal lease comes to an end by an act done within its very terms, the subtenant's right of possession falls with it. As was said in Eten v. Luyster, supra, at page 258, relative to a similar provision for a termination before the full period of the lease, "A proceeding under that provision would have put an end to the term of Morrison, and the right of the plaintiff, his lessee, would have fallen with the expiration of that term." Upon the admitted facts, possession shoud have been awarded the landlord.

Final order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.