BRUDER v. GEISLER.

(Supreme Court, Appellate Term. May 23, 1905.)

1. LEASE—CONSTRUCTION—CANCELLATION.

A provision in a lease that in a certain contingency the lessee agrees to cancel the lease is an agreement by the lessee that the lease may be canceled, and does not contemplate any action by the lessee to complete the cancellation.

2. SAME—RIGHTS OF SUBLESSEE.

A subtenant's rights are the same as those of the original lessee, and the cancellation of the lease as to one cancels it as to both.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 256.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Dispossess proceedings by Abe Bruder against Morris Geisler. From a judgment for the tenant, the landlord appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Joseph Wilkenfeld, for appellant.

Feltenstein & Rosenstein, for respondent.

SCOTT, P. J. The condition as to cancellation in the lease herein involved does not differ in any essential particular from that considered in Miller v. Levi, 44 N. Y. 489, which was determined to constitute a conditional limitation of the term permitting the main-

tenance of a summary proceeding for holding over. There is no force in the contention that the case is different because, in the lease now under consideration, the language is that, in the contingency provided for, the tenant "agrees to cancel said lease." This is equivalent to saying that the tenant "agrees that the lease shall be thereby canceled," and does not contemplate any act by the tenant to complete the cancellation.

The subtenant's rights are measured by those of his immediate landlord, the original tenant, and the cancellation of the lease, by its own terms, as to one, cancels it as to both. Bove v. Coppola (Sup.) 91 N. Y. Supp. 8.

Final order reversed, and new trial granted, with costs to appellant to abide the event. All concur.