THE FIFTH AVENUE BUILDING COMPANY, Appellant, *v.* J.
FREDERIC KERNOCHAN, as Executor, etc., of EDWARD M.
KNOX, Deceased, Respondent.

First Department, May 18, 1917.

Landlord and tenant — action for rent — counterclaim — breach of cove-
nant of quiet enjoyment — partial eviction — taking of vault space by
city of New York — when covenant of quiet enjoyment implied —
Real Property Law of 1896, section 216, construed.

In an action to recover rent under a lease containing no express covenant
of quiet enjoyment, the defendant may, by counterclaim, recover dam-
ages for the breach of such a covenant which will be implied, caused by
his partial eviction from the premises by the city of New York taking
possession of a portion of the vault space occupied by the tenant in con-
nection with the leased premises.

The rule under the Revised Statutes that a covenant for quiet enjoyment
is implied in every lease and is broken when the tenant is evicted from
part of the premises, either by the lessor or by a third party having
paramount title, is not affected by section 216 of the Real Property Law
of 1896 (section 251 of the present law), providing that "a covenant is not
implied in a conveyance of real property whether the conveyance con-
tains any special covenant or not."

Said statute is strictly limited to "a conveyance of real property" and
does not include a conveyance of a leasehold or interest, because such an
estate or interest is not included in the term "real property" as defined
by section 1 of the Real Property Law of 1896.

The definition of real property in the article of the Real Property Law of
1896, dealing with the recording of instruments, is expressly confined to
said article and is not applicable to section 216.

APPEAL by the plaintiff, The Fifth Avenue Building Com-
pany, from an order of the Supreme Court, made at the New
York Special Term and entered in the office of the clerk of the
county of New York on the 27th day of February, 1917, over-
ruling its demurrer to certain defenses and counterclaims in the
amended answer.

*William Greenough,* for the appellant.

*John Burlinson Coleman,* for the respondent.

SCOTT, J.:

The action is for rent for the months of January to November,
1916, inclusive, of a store and basement in plaintiff's building

First Department, May, 1917.        [Vol. 178.

in the city of New York.   The lease was made to defendant's testator and in terms included as a part of the demised premises a vault under the sidewalk in front of the premises.   This vault was maintained under a revocable license from the city of New York, the title being in the city.   About April, 1914, it became necessary to use the space occupied by this vault for the purpose of building the new subway, whereupon the city by its proper representatives revoked the license for the maintenance of this vault, and built a wall at the building line cutting the whole vault off from the building and depriving the lessee of its use.   He was kept out of possession thereof continuously until May 23, 1916, when the said wall was moved out fourteen feet towards the curb, so that from April 29, 1914, to May 23, 1916, the lessee was wholly excluded from the use and enjoyment of the vault space, and since May 23, 1916, has been so excluded from a part thereof.   These facts are set up in detail in the defenses demurred to wherein defendant demands the damages caused by his partial eviction from the demised premises.

The facts thus pleaded bring the case squarely within the recent decisions of this court in *Times Square Improvement Co., Inc.,* v. *Fleischmann Vienna Model Bakery, Inc.* (173 App. Div. 633) and *Hoffman* v. *Murray* (N. Y. L. J., March 27, 1913; affd. without opinion, 159 App. Div. 904; 216 N. Y. 750), which are decisive of the present appeal unless a point now urged upon us by the appellant, and which was not presented in either of the cited cases, should, upon examination, prove to require a different ruling.

The lease in the *Times Square Improvement Co.* case contained a covenant of quiet enjoyment, and it was because the exclusion of the tenant from the vault space, which we found to be included in the lease, violated this covenant that it was held that damages were recoverable.   The lease in the present case does not contain, in terms, a covenant of quiet enjoyment, but the defendant rests his case upon the proposition that such a covenant is implied in every lease of real property, and must, therefore, be read into this lease.

It has been a rule of law from time out of mind, and was frequently declared in this State in cases arising under the

Revised Statutes, that a covenant for quiet enjoyment is implied in every lease, and that the covenant is broken when the tenant is evicted from part of the premises either by the lessor or by a third party having paramount title. (*Mayor, etc.,* v. *Mabie,* 13 N. Y. 151; *Mack* v. *Patchin,* 43 id. 167.)

The plaintiff does not question that this was the law under the Revised Statutes, but argues that under the Real Property Law of 1896 (Gen. Laws, chap. 46; Laws of 1896, chap. 547) and under the present Real Property Law (Consol. Laws, chap. 50; Laws of 1909, chap. 52) no such covenant can longer be implied.

The lease under consideration was made in December, 1908, and must, therefore, be construed in the light of the Real Property Law of 1896. The plaintiff's contention is based upon section 216 of that act which provides that "A covenant is not implied in a conveyance of real property, whether the conveyance contains any special covenant or not." This same section, in slightly different form, was also contained in the Revised Statutes (1 R. S. 738, § 140), but was held not to be applicable to leases because while a lease was a conveyance within the meaning of the Recording Act, the estate which it conveyed was not, technically speaking, real estate but a chattel real.

The general definition of real property as given in the act of 1896 is to be found in its first section which provides that "The terms 'real property' and 'lands' as used in this chapter are coextensive in meaning with lands, tenements and hereditaments." As pointed out by Judge DENIO in *Mayor, etc.,* v. *Mabie (supra)* a leasehold is neither lands, tenements nor hereditaments and is not, therefore, real property within the meaning of the foregoing definition. The plaintiff places its reliance upon section 205 which defines the term "conveyance" as follows: "The term 'conveyance,' as used in this article, includes every instrument, in writing, except a will, by which any estate or interest in real property is created, transferred, assigned or surrendered. * * * The terms 'estate' and 'interest in real property,' include every such estate and interest, freehold or chattel, legal or equitable, present or future, vested or contingent,"

and argues that the word "conveyance" in section 216 (quoted above), forbidding the implication of covenants, must of necessity relate to any conveyance such as is defined in section 205. This argument fails to note the care with which the draftsman of the . Real Property Law of 1896 chose his words. It is true that he so framed section 205 that a lease would fall under the definition of a conveyance because it creates an interest in real property, and that the definition of the words "estate," and "interest in real property" includes a lease, which is a chattel real. But when it came to drawing section 216, forbidding the implication of covenants, more restricted language is used. That section did not provide that no covenant should be implied in any conveyance, or in any conveyance of an estate or interest in real property. The pro hibition was strictly limited to certain conveyances, to wit, a conveyance of real property, which as already said did not include a conveyance of a leasehold estate or interest, because such an estate or interest is not included in the definition of the term "real property." As Judge DENIO remarked, in speaking of the Revised Statutes: "The Legislature was dealing with terms of art, and is presumed to have used them in their technical sense." (*Mayor, etc.,* v. *Mabie, supra,* 159.)

It is true that in a subsequent article of the Real Property Law of 1896, dealing with the recording of instruments affect- ing real property, there is in section 240 of that act (as amd. by Laws of 1905, chap. 449) a definition of the term "real prop- erty" which is broader than that contained in the first section of the act, and which does specifically include chattels real except a lease for a term not exceeding three years. That definition is, however, expressly limited to the words "real property" as used in that article 8, and has no bearing upon the question we are now called upon to consider.

The plaintiff has fallen into the same error in construing the statute of 1896 that the former Supreme Court fell into in *Kinney* v. *Watts* (14 Wend. 38) and which was pointed out in *Tone* v. *Brace* (Clarke Ch. 503; 11 Paige, 566), and later in *Mayor, etc.,* v. *Mabie* (*supra*).

The order appealed from is, therefore, affirmed with ten dollars costs and disbursements, with leave to plaintiff to withdraw

the demurrer and reply within twenty days upon payment of said costs and disbursements and the costs awarded by the order appealed from.

CLARKE, P. J. LAUGHLIN, DAVIS and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to withdraw demurrer and to reply on payment of costs.