# CASES REPORTED WITH BRIEF SYLLABI

## AND

## DECISIONS HANDED DOWN WITHOUT

## OPINION

### SECOND DEPARTMENT, NOVEMBER, 1924.

In the Matter of the Proceedings of IMMACULATA CAPOZZI, Individually and as Executrix, etc., of VINCENZO CAPOZZI, Deceased, Appellant, to Compel HARRISON G. HUNT and Another, as Executors, etc., of DANIEL HUNT, Deceased, Respondents, to Render and Settle Their Accounts.

*Landlord and tenant — action for damages for breach of covenant of quiet enjoyment — lessor, life tenant, died before expiration of leases — nominal damages only are recoverable.*

Appeal by the petitioner from a decree of the Surrogate's Court of Westchester county, entered in the office of the clerk of said court on the 24th day of January, 1923.

Decree of the Surrogate's Court of Westchester county affirmed, with costs. No opinion. Kelly, P. J., Rich, Jaycox and Manning, JJ., concur; Kelby, J., dissents and reads for reversal.

KELBY, J. (dissenting): The appellant's claim is based upon the breach of an express covenant contained in a lease the term of which commenced on the 1st day of February, 1919, and was to end on the 1st day of February, 1925. The express covenant reads as follows: " And the said landlord doth covenant that the said tenants on paying the said yearly rent and performing the covenants aforesaid shall and may peaceably and quietly have, hold and enjoy the said demised premises for the term aforesaid. And it is further understood and agreed that the covenants and agreements herein contained are binding on the parties hereto and their legal representatives." Express covenants survive the death of the covenantor and continue in force to the end of the term expressly granted by the lease. Implied covenants, on the contrary, always cease on the termination of the estate of the landlord. (Rawle Cov. Title [5th ed.], § 275; 24 Cyc. 1057.) And the presence of an express covenant excludes the possibility of any covenant being implied. (*Burr* v. *Stenton*, 43 N. Y. 462, 464.) In the case at bar the landlord held only a life estate and died before the expiration of the term granted in the lease. If in this case the covenant for quiet enjoyment had been an implied covenant, I would agree with the majority of the court that the damages are only nominal; but as the covenant was an express covenant, it seems to me that the ordinary rule for the breach of any contract should apply. It was so held in the cases of *Adams* v. *Gibney* (6 Bing. 656; 15 Eng. R. C. 743, and *Lock* v.

51

*Furze,* Id. 723). I dissent and vote to reverse and grant a new trial so that the claimant may receive compensatory damages for the breach of the express covenant, viz., the difference between the value of the unexpired term and the rent reserved in the lease.