GEORGE E. CHISHOLM and Others, as Trustees of the Trust Created by the Last Will and Testament of MARY ANN CHISOLM, Deceased, for the Benefit of BENJAMIN OGDEN CHISOLM and Remaindermen, Appellants, *v.* CHRISTOPHER C. F. MULLER and Others, Respondents, Impleaded with ALICE LENT, Defendant.

First Department, December 18, 1931.

*Selden Bacon* of counsel [*Harry H. Wiggins* with him on the brief; *Duer, Strong & Whitehead*, attorneys], for the appellants.

*Louis Mishell*, for the respondents Christopher C. F. Muller and another.

*Oscar Englander*, for the respondent Appeal Realty Corporation.

SHERMAN, J. Plaintiffs are the owners in fee of a parcel of realty bounded by Eighth street, MacDougal street and MacDougal alley in the borough of Manhattan. They likewise own the fee of the alley to its center line, along this abutting property.

MacDougal alley is not a public thoroughfare, but was created as a private way by an instrument dated April 15, 1833, executed by the owners of abutting lands, whereby this strip about 35 feet wide and 355 feet long was so dedicated. That instrument provides that the alley " shall forever hereafter be appropriated exclusively as and for such alley and be and remain a free open and common carriage and passage way for the use and benefit of the occupants

of the said several and respective lots of ground so as aforesaid owned by the said parties respectively and butting or bounding thereon and hereinbefore particularly designated."

In April, 1898, Mary A. Chisolm, plaintiffs' predecessor in interest (as party of the first part), leased the lot above described to the defendants Muller and their mother for a term of twenty-one years, and her executor in 1919 made a renewal lease of the premises to them, "Together with as an appurtenance to said lot the use and privilege (in common with others) of the aforesaid Alley as a Passage or Carriage Way, the said parties of the second part for themselves, their executors, administrators and assigns hereby covenanting and agreeing with the said party of the first part, his successors and assigns, that the said parties of the second part, their executors, administrators or assigns shall and will at their own proper costs and charges at all times during the said term hereby granted well and sufficiently level, regulate and pave that part of the said alley on which the said lot is bounded opposite to the said lot and to the middle of said alley, and bear, pay and discharge a ratable proportion of all such taxes, charges and assessments whatsoever as shall during the term hereby granted be charged, assessed or imposed upon the said piece or parcel of land so appropriated for an alley or upon any part or parcel thereof in proportion to the extent which said lot bounds upon said alley."

Defendants Muller sublet the building on the land so leased to them to defendant Appeal Realty Corporation for a term of ten years from December 1, 1926.

The buildings erected long ago on both sides of MacDougal alley had been used as horse stables for many years. There were no sidewalks or curbing to impede the free passage of vehicles. An areaway extended about five feet into the alley and there had been a ramp leading downward and previously used by horses as a means of ingress into the cellar. The open areaway was covered with iron gratings and the ramp with wooden doors, over which vehicles could pass. Thus the alley retained its character as a roadway whose surface could be traveled over by automobiles or horsedrawn vehicles.

In 1926 respondents renovated the premises. Without the landlord's consent they put a stairway to the cellar in the space where the ramp had formerly been and surrounded its entrance with a protecting iron fence erected in the alley; they likewise constructed a low brick wall which rests upon the outer brick wall that had inclosed the open vault space in the bed of the alley.

Respondents proposed to use the cellar as a tea room and thus to secure direct access from the surface of the street or alley by

means of the staircase, without providing therefor from within the building. There are many obvious advantages to the tenants, if their lease be held to permit this use of the alley.

Plaintiffs, who did not consent to the changes in so far as any part of the alley was used, have brought this action to cause respondents to remove the stairs, the iron fence and the brick wall as obstructions unlawfully erected in the alley upon land which they own and have not leased to defendants, to restore the surface of the alley, and to enjoin defendants from making use of the land lying in the bed of the alley, other than as a passage or carriage way.

Plaintiffs are entitled to be protected in their rights as owners of the fee of the alley. The lease gave the lessees no rights in the alley save the use and privilege thereof in common with others as a passage or carriage way. The lessees had moreover expressly undertaken to level and pave that part of the alley, an engagement which is inconsistent with the erection of the structures objected to.

Clearly the construction of these permanent structures in the alley was in direct violation of the terms of the lease.

That instrument carried with it no right to the use of any part of the alleyway as an appurtenance, except as specifically described. No further appurtenance came to them by implication. " The rule that where the instrument contains an express covenant in regard to any subject, no covenants are to be implied in respect to the same subject is too familiar to require more than its statement." (*Burr* v. *Stenton,* 43 N. Y. 462, 464.)

The judgment so far as appealed from should be reversed, with costs, the findings upon which it rests set aside, and an appropriate judgment entered in favor of plaintiffs and against the defendants, respondents, Christopher C. F. Muller, Adelaide S. Muller and Appeal Realty Corporation, upon new findings in accordance with the above-expressed views, with costs.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment so far as appealed from reversed, with costs, and judgment directed in favor of plaintiffs in accordance with opinion, with costs. Settle order on notice.