## In re UNITED CIGAR STORES CO. OF AMERICA.

## CLOUDY REALTY CORPORATION v. IRVING TRUST CO.

### No. 247.

Circuit Court of Appeals, Second Circuit.

Feb. 17, 1936.

Weinstein & Levinson, of New York City (Frank Weinstein and Samuel J. Levinson, both of New York City, of counsel), for appellant.

Cravath, De Gersdorff, Swaine & Wood, of New York City (William D. Whitney, Donald C. Swatland, and R. L. Gilpatric, all of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The claimant filed this same claim in the bankruptcy proceedings of the debtor. It was expunged, and we affirmed the order. In re United Cigar Stores Co. (C.C.A.) 70 F.(2d) 263. As the facts now made to appear are the same, it will be sufficient to state them but briefly.

Claimant was a sublessee of premises in New York City held under a lease expressly made subject to the terms of the head lease to its lessor, the debtor. It was protected in its quiet enjoyment of the premises by covenants binding its sublessor. The head lessor was entitled under the lease it gave the claimant's lessor to terminate the lease if its tenant became bankrupt. It elected to do that after the debtor was adjudicated a bankrupt and the appellant's sublease fell with the head lease. The bankrupt sublessor is now being reorganized in 77B (11

U.S.C.A. § 207) proceedings, and the claim expunged is for the damages to the sublessee, the appellant, which are said to have been caused it when its lease was terminated. It is based in part upon a special consideration it paid for its sublease when that was executed. What was said in our former decision applies to that portion of the claim to the same effect now. Its disallowance was therefore not error.

The remaining part for damages for the claimed breach of the covenant for quiet enjoyment was held properly disallowed before upon the ground that it was not of sufficient certainty at the time the petition was filed to be provable in bankruptcy. The ground of decision was limited to that.

Now the question then left open is presented; i. e., whether the debtor breached any covenant in the appellant's lease. The order expunging the claim was put on the grounds (1) that the covenant of quiet enjoyment was limited to interference by the sublessee only, and (2) that in any event the claimant was not entitled to compensatory damages.

█ Section 77B (b) of the act (11 U.S.C. A. § 207 (b) permits the filing of "claims of whatever character against the debtor or its property, including claims under executory contracts, whether or not such claims would otherwise constitute provable claims under this Act [title]." So here the test of provability is the actual existence of a valid claim.

█ The covenant of quiet enjoyment was in a lease subordinate to another by the terms of which the appellant had agreed to be bound, and provided that the appellant should "peaceably and quietly have, hold and enjoy the said demised premises without any manner of let, suit, trouble or hindrance of or, from the said Landlord"; that is, from this debtor. Thus it is seen that this covenant was not broadly for quiet enjoyment but only for it without let or hindrance on the part of the sublessor. The sole act of that landlord, this debtor, which can possibly have been a breach of the covenant was the filing of a voluntary petition in bankruptcy. In order for that act to be a breach of the covenant, it must be construed as a covenant not to become a bankrupt. Whether or not it should be so construed depends upon whether it should be said that the par-

ties intended it to have that effect when the words used are given their reasonable meaning in their context. No enlargement of that is permissible. Burr v. Stenton, 43 N.Y. 462. This covenant might, of course, have been against bankruptcy just as it might have been against interference by any one whomsoever with the appellant's quiet enjoyment. A sound reason for believing that the language used was intended to include neither the one nor the other of these contingencies is that the parties choose not to say so in the face of an express provision that the sublease was subject to all the provisions of the head lease which in turn gave the overlandlord the right to cancel upon the bankruptcy of its tenant, this debtor. The sublessee had to recognize the possibility that its lease might fall upon the bankruptcy of the sublessor when it consented to have its tenure so burdened. It did, indeed, have to consent to that, since its lessor could give it no rights in the premises it did not itself possess. Bruder v. Geisler, 47 Misc. 370, 94 N.Y.S. 2. But the appellant's consent was nevertheless free, in that it was under no compulsion to take the sublease at all. When it did take it without a covenant of quiet enjoyment which in terms protected it from interference by any one but the sublessor, the reasonable construction to be placed upon the language is one of limitation so expressed.

█ We may assume that the sublessor was bound in good faith to comply with the terms of the head lease in so far as it was able so that no act or omission on its part and within its control would cause the overlandlord of right to cancel the head lease. Yet insolvency, while it may be deliberate, will not be taken to have been intentional without some proof to that effect, and there is none here. Nor can anything be put upon the fact that the sublessor's petition in bankruptcy was of the kind called voluntary. True it was an election to try to make the best of its financial difficulties by a resort to that method afforded by the law. Yet there is nothing to indicate bad faith. There is no proof that it was not compelled to take the step because of financial difficulties which had overtaken it in spite of its every effort to remain solvent. So the situation which brought about the cancellation of the head lease and the consequent disturbance of the appellant's quiet possession of the premises was not shown

to be due to anything within the control of the sublessor or within the terms of the covenant protecting the appellant. In Burr v. Stenton, supra, the subtenant lost possession when a mortgage was foreclosed. The covenant was restricted substantially as the one here, and the holding was that the landlord's failure to pay the mortgage and so prevent foreclosure was not a breach of the covenant. The appellant would distinguish that case on the ground that the tenant was charged with knowledge of the existence of the mortgage when he took his lease. Even so, what would happen in the future as to payment or failure to pay and consequent foreclosure could no more have been within his knowledge than could a future adjudication in bankruptcy have been known at the time this sublease was executed. So, too, in Kelly v. Rogers [1892] Q.B. 910, the failure of a sublessor to pay the rent reserved in the head lease was held not to breach the covenant of quiet possession in the sublease which fell for that reason; the covenant being restricted to interferences by the sublessor. The same principle controls here, and requires holding the bankruptcy of the debtor not a breach of the covenant of quiet enjoyment in the sublease. The interference was by a third party whose act was not due to any failure of the sublessor to perform any duty it owed this appellant.

Affirmed.