21 N.J. Super. 81 (1952)
90 A.2d 757
HERMAN W. FISCHER, PLAINTIFF,
v.
TOWNSHIP OF BEDMINSTER, IN THE COUNTY OF SOMERSET AND STATE OF NEW JERSEY, A MUNICIPAL CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 2, 1952.
*82 Mr. Edward Sachar, for the plaintiff.
Mr. Leon Gerofsky and Messrs. Wharton, Hall, Stewart & Halpern (Mr. T. Girard Wharton and Mr. William T. Stewart, Jr., appearing), for the defendant.
DANIEL J. BRENNAN, J.S.C.
This is a proceeding in lieu of prerogative writ.
*83 The plaintiff attacks the zoning ordinance of the defendant township, in particular Article VII thereof providing as follows:
"In `B' Residence Zones, no building shall be constructed, reconstructed, or altered on a plot with an area of less than five acres or a width of less than 200 feet or so as to be nearer than 100 feet to the line of any street upon which its plot may abut or front."
The attack is based on the proposition of the unconstitutionality of the ordinance and generally, as well, that it is unreasonable and arbitrary.
At the trial there was testimony by plaintiff's chief expert witness as to the reasonableness, in his professional judgment, of a five-acre minimum limitation.
The resolution of the legal propriety of plaintiff's attack requires, at least, a brief statement of the geographical aspect of the defendant township. The township, located in Somerset County, is a large geographical unit, the total area being approximately 24 square miles and very sparsely populated. The total population is slightly over 1,600. The land is rolling countryside and generally divided into naturally wooded areas and into farms and country establishments. At the locus in quo here the subject of dispute, it may be said that the picture presented by the court's examination, indicated that the land is more level than rolling in the general area and framed by adjacent woods, not so substantially above sea level as to be described as mountainous, but typical of many country areas that are properly described as hilly rather than mountainous.
The court feels that its first approach to the problem should be a brief summary of the more recent history of zoning. The zoning powers of municipalities were extended by Article IV, Section VI, par. 2 of the Constitution of 1947 providing as follows:
"The Legislature may enact general laws under which municipalities, other than counties, may adopt zoning ordinances limiting and restricting to specified districts and regulating therein, buildings and structures, according to their construction, and the nature and extent *84 of their use, and the nature and extent of the uses of land, and the exercise of such authority shall be deemed to be within the police power of the State. Such laws shall be subject to repeal or alteration by the Legislature." (The italics is by this court.)
The zoning statutes then in effect were amended by chapter 305 of the Laws of 1948 to give effect to the expansion of the zoning power. Moreover, by Article IV, Section VII, par. 11 of the Constitution of 1947, there is the obligation to construe the constitutionality of statutory provisions pertaining to zoning liberally in favor of the municipality:
"The provisions of this Constitution and of any law concerning municipal corporations formed for local government, or concerning counties, shall be liberally construed in their favor. The powers of counties and such municipal corporations shall include not only those granted in express terms but also those of necessary or fair implication, or incident to the powers expressly conferred, or essential thereto, and not inconsistent with or prohibited by this Constitution or by law."
The enabling statutes, R.S. 40:55-30 and 40:55-31, as amended by chapter 305 of the Laws of 1948, and R.S. 40:55-32, are read in the light of the constitutional mandate. N.J.S.A. 40:55-30 provides:
"Any municipality may by ordinance, limit and restrict to specified districts and may regulate therein, buildings and structures according to their construction, and the nature and extent of their use, and the nature and extent of the uses of land, and the exercise of such authority, subject to the provisions of this article, shall be deemed to be within the police power of the State. * * *
The authority conferred by this article shall include the right to regulate and restrict the height, number of stories, and sizes of buildings, and other structures, the percentage of lot that may be occupied, the sizes of yards, courts, and other open spaces, the density of population, and the location and use and extent of use of buildings and structures and land for trade, industry, residence or other purposes."
N.J.S.A. 40:55-31 provides:
"For any or all of said purposes the governing body or board of public works may divide the municipality into districts of such number, shape, and area as may be deemed best suited to carry out the purposes of this article, and it may regulate and restrict the erection, construction, reconstruction, alteration, repair, or use of buildings *85 or other structures, and the nature and extent of the uses of land, within such districts. * * *"
The purposes of zoning are set forth in R.S. 40:55-32 as follows:
"Such regulations shall be in accordance with a comprehensive plan and designed for one or more of the following purposes: to lessen congestion in the streets; secure safety from fire, panic and other dangers; promote health, morals or the general welfare; provide adequate light and air; prevent the overcrowding of land or buildings; avoid undue concentration of population. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality."
It is manifest, therefore, that the Constitution has conferred on the Legislature broad powers to pass enabling acts with respect to zoning, and the Legislature in an effort to make effective its constitutional power in this respect has given the municipalities similar broad powers expressed in greater detail in the Constitution. Our Supreme Court has held:
"To the traditional presumption with respect to the validity of every legislative act there has been added, moreover, the constitutional mandate to construe such legislation liberally in favor of the municipalities,"
as indicated in Lionshead Lake, Inc., v. Township of Wayne, 10 N.J. 165. There is no doubt but that the plaintiff had notice of the status of the property here the subject matter of consideration. The record discloses that he acquired title from his mother on September 8, 1949, by deed recorded on September 14, 1949, in Book 721 of Deeds for Somerset County, at page 325. Cf. Socony-Vacuum Oil Co. v. Mt. Holly Township, 135 N.J.L. 112 (Sup. Ct. 1947).
The property is five-eighths of an acre in extent and it is evident it was carved out of a much larger piece owned by his mother in the "B" Residence Zone where the five-acre minimum was imposed.
*86 The real issuable question here seems to be the reasonableness of the fixing of the five-acre minimum for the construction of buildings in the Residence "B" Zone. There have been no cases brought to the attention of the court either in this State or without where the legal propriety of such minimum restriction has been passed upon by the courts. There are cases in other jurisdictions which hold that a one-acre limitation is not unreasonable. Simon v. Town of Needham, 311 Mass. 560, 42 N.E.2d 516 (Sup. Jud. Ct. 1942). In the neighboring State of New York in the case of Dilliard v. Village of North Hills, 195 Misc. 875, 91 N.Y. Supp.2d 542 (Sup. Ct. 1949), the two-acre limitation was struck down as an improper and unconstitutional invasion of the rights of property. It is significant to suggest, however, that on appeal the action of the court below was reversed, Dilliard v. Village of North Hills, 276 App. Div. 969, 94 N.Y. Supp.2d 715 (App. Div. 1950), where the reversal was "on the law and the facts." In Gignoux v. Village of Kingspoint and Meyer v. Kingspoint, 199 Misc. 485, 99 N.Y. Supp.2d 280 (Sup. Ct. 1950), a restrictive condition providing for a minimum of 40,000 square feet was held proper.
The philosophy of our courts here in their disposition to uphold what they conceive a reasonable regulation has been demonstrated in Schmidt v. Board of Adjustment of the City of Newark, 9 N.J. 405 (1952). The even broader philosophy of our courts at the highest level is exposed in Duffcon Concrete Products, Inc., v. Borough of Cresskill, 1 N.J. 509, 513 (1949) in the following language:
"What may be the most appropriate use of any particular property depends not only on all the conditions, physical, economic and social, prevailing within the municipality and its needs, present and reasonably prospective, but also on the nature of the entire region in which the municipality is located and the use to which the land in that region has been or may be put most advantageously."
Cf. Greenway Homes v. River Edge, 137 N.J.L. 453, 456 (Sup. Ct. 1948).
*87 The manifest design of modern judicial approach is to save a repetition of the blighting slums that are in many cases the by-product of living in highly industrialized communities with the resultant depreciation of surrounding property values and the creation of a source of infection of the body social. In many instances it is too late to attempt to remedy this situation save by demolition and rebuilding. To a lesser extent this condition persists in suburban communities on the periphery of these highly industrialized areas and the attempt has been to contain rather than permit an extension of building processes which will break down such relatively small amounts of property as are still susceptible of protection. Vide Birkfield Realty Co. v. Board of Comm. of the City of Orange, 12 N.J. Super. 192 (App. Div. 1951) certif. denied 8 N.J. 319 (1951).
We are dealing here with a community practically virgin in character from the standpoint of future development. That is definitely reflected in the record.
The governing body of the defendant municipality gave serious thought and long study to the zoning ordinance before its passage and sought, as well, expert advice in connection therewith. A public hearing was held thereon before the actual adoption.
Appraised in the light of these factors and on the basis of the authorities heretofore cited, this court is of the opinion that the provisions of the zoning ordinance of the Township of Bedminster as to the "B" Residence Zone in so far as they restrict the use of plaintiff's property, are neither arbitrary nor unreasonable, and to that extent are constitutional and are a reasonable and proper exercise of the zoning and police power of the defendant municipality.
There will be judgment for the defendant and against the plaintiff.
Submit order accordingly. There will be no costs.